# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SIDDIQUE ABDULLAH HASAN,
  fka Carlos Sanders
:
       Petitioner,                                  Case No. 1:03-cv-288

:      District Judge Susan J. Dlott
   -vs-                                      Chief Magistrate Judge Michael R. Merz

TODD ISHEE, Warden,
:
       Respondent.

---

## DECISION AND ORDER DENYING PETITIONER'S SECOND MOTION FOR DISCOVERY

---

This case is before the Court on Petitioner's Renewed Motion for Discovery Regarding Statement Database and Tunnel Tape 61 (Doc. No. 72).

When initially granting discovery in this case, the Court set a discovery cut-off of December 2, 2004, approximately eighteen months ago (See Doc. Nos. 57, 52, 53). On February 28, 2005, the Court noted that the record was closed (without any request by Petitioner for an evidentiary hearing) and set a briefing schedule (Doc. No. 59). Under that schedule, the case became ripe for decision on the merits on June 30, 2005. Petitioner's instant Motion was not filed until April 13, 2006, nearly ten months after the briefing was complete. Petitioner supports the Motion with excerpts from a deposition of Howard Hudson, a lieutenant with the Ohio Highway Patrol, taken in November, 2005 (See Appendices to Doc. No. 72).

Petitioner seeks the following items in discovery:

-1-

>   1. The database be burned to a CD and delivered to his counsel by the State Highway Patrol;
>
>   2. Access to the original version of the database be provided by the State Highway Patrol;
>
>   3. Upon request, access to the interview summaries and transcripts still maintained by the Ohio Highway Patrol at their facilities on Alum Creek Dr., Columbus, Ohio;
>
>   4. Copies of video depositions and transcripts of same in the possession of the State Highway Patrol;
>
>   5. Transcripts and/or tape recordings of Rule Infraction Board Hearings in the possession of DRC;
>
>   6. Any reports sent to the Ohio Parole Board by the Special Prosecutor in the possession of either the Ohio Parole Board or the Special Prosecutor.
>
>   7. The State of Ohio and/or the Special Prosecutor to Answer an Interrogatory Identifying Each Individual Who Contributed to the Creation of Tunnel Tape 61; and,
>
>   8. Upon request, access to and copies of the varying drafts and any notes still maintained by the Ohio Highway Patrol at their facilities on Alum Creek Dr., Columbus, Ohio, regarding Tunnel Tape 61.

(Motion, Doc. No. 72, at 3-4).

In ruling on Petitioner's first Request for Discovery, the Court wrote as follows:

> As to the first category, he asserts "Petitioner has shown good cause to explore his actual innocence, the extent the State has suppressed exculpatory evidence and prevented the consideration of grand jury testimony." (Doc. 21 at 5.) In this category, he seeks to depose Mark Piepmeier, the special prosecutor for the Lucasville riot cases, Richard Gibson and Gerald Krumpelbeck, the trial prosecutors in his case, and records custodians for the Office of Special Prosecutor, the Ohio Highway Patrol, the Federal Bureau of Investigation, and the Ohio Department of Rehabilitation and Corrections. He also seeks to discover the grand jury testimony of any trial witnesses. Petitioner claims that the discovered evidence will support his Eighth, Ninth, Tenth, Eleventh, and Nineteenth Grounds for Relief.

> The relevant grounds for relief are as follows:
>
> EIGHTH HABEAS GROUND FOR RELIEF
> Trial counsel were ineffective for failing to investigate and present witnesses which could have affirmatively confronted the state's case that Petitioner orchestrated the 1993 prison riot and ultimately maintained a leadership role throughout its course and ordered the killing of a guard in violation of the Sixth and Fourteenth Amendments. (Petition, Doc. No. 16, at 43).
>
> NINTH HABEAS GROUND FOR RELIEF
> Petitioner's attorney's were ineffective when they failed to investigate and cross examines [sic] state's witnesses which would have dispelled the state's theory that Petitioner orchestrated the 1993 prison riot and ultimately maintained a leadership role throughout its course and ordered the killing of a guard in violation of the Sixth and Fourteenth Amendments. *Id.* at 57.
>
> TENTH HABEAS GROUND FOR RELIEF
> The trial prosecutors suppressed exculpatory evidence by failing to disclose to trial counsel the change in testimony by numerous inmate witnesses in violation of the Fourteenth Amendment. *Id*. at 64.
>
> ELEVENTH HABEAS GROUND FOR RELIEF
> Defense counsel were not provided relevant records needed to effectively cross-examine State's witnesses in violation of the Sixth and Fourteenth Amendments. *Id*. at 65.
>
> NINETEENTH HABEAS GROUND FOR RELIEF
> Appellate counsel were ineffective when they failed to allege as error that Petitioner was denied access to the grand jury testimony to his alleged co-defendants and alleged co-conspirators in violation of the Fourteenth Amendment. *Id*. at 85.

(Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Discovery, Doc. No. 37, June 14, 2004, at 4-6.)

Thus most of the information now sought was previously sought on the first Motion, with the addition of material in the hands of the Ohio Parole Board. The Magistrate Judge has twice rejected these requests and twice been upheld on appeal by Judge Dlott (Doc. Nos. 37, 39, 46, 48,53,

54,57). Essentially, the instant Motion constitutes a request for reconsideration.

In his deposition, Lieutenant Hudson makes the statement that "[t]here was exculpatory information in the database." (Quoted, Doc. No. 72, at 2). As pointed out by Respondent's counsel, this statement proves absolutely nothing with respect to Petitioner's case. The database in question relates to the entire Lucasville prosecution and two sentences before the quoted matter reads "Information was provided to the prosecutors and then to defense counsel." Lt. Hudson is not admitting that somehow *Brady* material was withheld; in context he is stating that it was turned over. Petitioner's renewed assertion that there may be, somewhere in that database, some material which is exculpatory of Petitioner and was not disclosed is once again purely speculative. The same is true of the requests for interview summaries, videotape depositions taken before grand jury, and transcripts of Rules Infraction Board hearings. As to the latter, for example, Petitioner seeks all of the transcripts (some 150) relating to the Lucasville uprising, but only notes that one of them related to the Vallandingham killing without providing any proof that anything in that hearing, much less the other 149, is *Brady* material not previously disclosed.

Requests numbered 7 and 8 relate to Tunnel Tape 61. Petitioner's counsel writes

> Petitioner adamantly contests the content of Tunnel Tape 61 and, in particular, his inability to challenge Lavelle's self-serving description as to what occurred at the alleged meeting implicating Petitioner in Vallandingham's death.

(Motion, Doc. No. 72, at 3.) Rather than the content of the **tape** (an audiotape as the Court understands it), Petitioner appears to be concerned with the content of a **transcript of the tape** which apparently went through various iterations.

When the Court first ruled with respect to Tunnel Tape No. 61, it deferred a final ruling until after trial counsel Timothy Smith was deposed and Petitioner's counsel supplemented their Motion

with any information from that deposition or with information learned from the United States Attorney about the tape (Order, Doc. No. 37, at 17). No such supplementation has ever been made, although the deposition was filed. Petitioner's counsel are now apparently headed in a different direction. As best the Court can discern their argument, it is that the various drafts of the transcript and notes about those drafts would disclose information which would have been useful in cross-examining witness Lavelle. Again, this is purely speculative: the Court is presented with no evidence that Lavelle spoke inconsistently in different drafts, much less that those inconsistencies have been suppressed by the State of Ohio. Moreover, the speculation is untimely. While Petitioner's counsel have now learned that in fact there were drafts, based on Lt. Hudson's testimony in another case, it should not have been beyond the imagination of counsel to suppose that there were such drafts, either when they filed their initial request for discovery or when they deposed Mr. Smith, or even at the time of trial.

In sum, Petitioner's Renewed Motion for Discovery does not meet the standards of *Bracy v. Gramley*, 520 U.S. 899 (1997), in that it continues to speculate about the presence of admissible evidence. Moreover, Petitioner's Motion is very untimely in that it comes almost eighteen months after discovery was closed in the case and nearly a year after briefing was complete. The Renewed Motion is denied.

May 31, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge
