IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SIDDIQUE ABDULLAH HASAN, | : | Case No. 1:03-cv-288 |
| fka CARLOS SANDERS, | : | |
| | : | |
| Petitioner, | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | |
| TODD ISHEE, WARDEN, | : | ORDER SETTING ORAL ARGUMENT |
| | : | HEARING |
| Respondent. | : | |

On April 22, 2003, Petitioner Siddique Abdullah Hasan filed a Petition for Writ of Habeas Corpus ("Habeas Petition"). (Doc. 16.) Magistrate Judge Merz recommended denying the Habeas Petition. (Docs. 81 and 119.) Pending before the Court are Magistrate Judge's Report and Recommendations on the Merits; Decision and Order Denying Motion for Reconsideration ("R&R") (doc. 81), the Magistrate Judge's Supplemental Report and Recommendations ("Supp. R&R") (doc. 119); and Petitioner's Objections to the R&R and Supp. R&R (docs. 91, 122). Certain evidentiary issues must be resolved as part of the final adjudication of Hasan's Habeas Petition and his Objections to the R&R and Supp. R&R.

I. KNOWN EVIDENTIARY ISSUES

In the Additional Briefing Per Court's 12/18/2006 Order, Hasan requested discovery regarding his Third, Fourth, Eighth, Ninth, Tenth, and Nineteenth Grounds for Relief. (Doc. 110 at 6–7, 15.)[1] The Supreme Court of Ohio denied on the merits the claims underlying the Third,

---

[1] Hasan also requested that the Court admit the deposition of Timothy Smith to the record. (Doc. 110 at 25–27.) That matter need not be addressed here further because the Court hereby deems the Smith deposition to be part of the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the U.S. District Courts.

Fourth, and Nineteenth Grounds. Those claims are subject to review pursuant to 28 U.S.C. § 2254(d)(1).[2] The Court cannot consider evidence introduced for the first time in the habeas proceedings during a § 2254(d)(1) review unless Hasan overcomes the bar recognized by the Supreme Court in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400; *see also Bray v. Andrews*, 640 F.3d 731, 737 (6th Cir. 2011) (same). Significantly, § 2254(d) "applies even where there has been a summary denial [in state court]." *Cullen*, 131 S. Ct. at 1402.

Next, Magistrate Judge Merz concluded in the R&R and Supp. R&R that the Eighth, Ninth, and Tenth Grounds for Relief are barred by procedural default. Hasan did not dispute the procedural default finding. Hasan argued, nonetheless, that he can establish his "actual innocence" and that his actual innocence acts as a "gateway" to excuse the procedural default and to permit the Court to examine the Grounds for Relief on the merits. *House v. Bell*, 547 U.S. 518, 536–37 (2006); *Schlup v. Delo*, 513 U.S. 298, 315–16 (1995). Hasan relied on certain

---

[2] Section 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

28 U.S.C. § 2254(d)(1).

evidentiary materials in the appendix to the Return of Writ ("ROW") to support his actual innocence argument. Magistrate Judge Merz concluded in the R&R and Supp. R&R that Hasan failed to establish actual innocence and that the Eighth, Ninth, and Tenth Grounds for Relief should be denied. Hasan asserted that Magistrate Judge Merz erred in two relevant respects in reaching his conclusion: (1) Magistrate Judge Merz erred in failing to hold an evidentiary hearing before evaluating the credibility and reliability of the evidence in the ROW appendix; and (2) Magistrate Judge Merz should have permitted him to take additional discovery and further supplement the record.

Finally, Hasan stated in his Traverse and his Objections that he cannot prove his Eleventh, Twelfth, Thirteenth, Seventeenth (in part), and Thirty-First Grounds for Relief without discovery. (Doc. 22-1 at 49–54, 82; Doc. 91 at 27–29, 42.) However, he did not request discovery or an evidentiary hearing regarding these claims when given a final opportunity before Magistrate Judge Merz to do so. (Docs. 107, 110.) It appears to the Court upon preliminary analysis that Hasan has waived the right to seek discovery or a hearing regarding this set of claims.

## II.     ORAL ARGUMENT SCHEDULED

This case has a lengthy and tortuous procedural history which need not be repeated here. The Court is cognizant of the need to render a final adjudication of Hasan's Habeas Petition in both an expeditious manner and with due regard for Hasan's constitutional rights. Given the variety and complexity of the disputed evidentiary matters as summarily set forth above, the Court hereby **ORDERS** counsel to appear at an **Oral Argument Hearing on October 20, 2011 at 10:00 a.m**. Counsel should be prepared to address all relevant discovery and/or evidentiary

matters including without limitation the following topics:

- Is the procedural history set forth above in Section I correct?

- What specific additional discovery would Petitioner seek to conduct prior to any evidentiary hearing? What specific Grounds for Relief would be supported by the proposed discovery?

- If granted an evidentiary hearing, what evidence would Petitioner present? State the evidence with particularity. What witnesses testifying to what facts and to support what Grounds for Relief?

- Regarding each witness that Petitioner would seek to call to testify at an evidentiary hearing, what knowledge or information does Petitioner have that the witness is available and competent to testify?

- In light of *Cullen,* 131 S. Ct. at 1401, upon what basis could the Court consider evidence submitted for the first time in these habeas proceedings to determine Grounds for Relief which were denied on the merits by the Ohio Supreme Court?

- Has Petitioner abandoned or waived his request for discovery regarding the Eleventh, Twelfth, Thirteenth, Seventeenth (in part), and Thirty-First Grounds for Relief?

- What evidence attached to the ROW appendix can be considered "new" evidence for purposes of the actual innocence gateway exception? *See Cleveland v. Bradshaw*, 760 F. Supp. 2d 751, 758–59 (N.D. Ohio 2011) (explaining new evidence requirement); *see also Reid v. Moore*, No. 3:05:-cv-326, 2009 WL 385756, at *3 (S.D. Ohio Feb. 13, 2009) (same). Can a witness's testimony be considered new evidence if Petitioner's trial counsel knew or should have known about the substance of the testimony at the time of trial?

- To the extent that Petitioner seeks discovery and/or an evidentiary hearing on the actual innocence gateway exception to excuse procedurally defaulted claims, how does the evidence attached to the ROW appendix establish actual innocence, as opposed to mere reasonable doubt?

Finally, counsel are encouraged to file with the Court written outlines/summaries of their oral argument presentations, listing the key arguments and legal authorities relied upon, to the extent counsel believes it would assist the Court's understanding.  The outlines/summaries should be no longer than five pages and can be filed on the day of the hearing.

IT IS SO ORDERED.

       s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court