# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE HASAN
    f/k/a Carlos Sanders,

        Petitioner,    :    Case No. 1:03-cv-288

    - vs -

        District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

TODD ISHEE, Warden,

        :

    Respondent.

## ORDER FOR ADDITIONAL BRIEFING

This capital habeas corpus case is before the Magistrate Judge pursuant to the District Judge's March 25, 2020, Order (ECF No. 236) Granting in Part Petitioner Siddique Hasan's Motion for Reconsideration (ECF No. 231). On October 8, 2019, the Sixth Circuit issued an opinion in *White v. Warden*, 940 F.3d 270 (6th Cir. 2019), applying for the first time the holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013) ("*Martinez-Trevino*") to Ohio law. The District Judge recommitted the matter to the Magistrate Judge on October 15, 2019 (Recommittal Order, ECF No. 225). That same day, the Magistrate Judge ordered additional briefing on whether the Proposed Amended Claim Thirty-One was viable in light of *Martinez-Trevino*'s applicability in Ohio (Order, ECF No. 226, PageID 15157). The Respondent Warden (ECF No. 229) and Hasan (ECF No. 230) filed their Responses on November 14 and November 27, 2019, respectively.

1

I.      **RELEVANT PROCEDURAL HISTORY**

Hasan was sentenced to death on March 7, 1996 (*See, e.g.*, State Court Record, ECF No. 158-1, PageID 2387). Hasan claims that trial counsel, Chuck Stidham, was ineffective throughout the penalty phase of the trial:

> Trial counsel failed to conduct a reasonable investigation of mitigation evidence for the penalty phase, as evidenced by their failure to attempt to use an investigator for mitigation until the last day of the guilt phase of trial, the breakdown in their own communication and planning before the penalty phase began, and their neglect of an entire field of available mitigating evidence.

(Hasan Response, ECF No. 230, PageID 15195, citing Proposed Amended Claim, ECF No. 210-2, PageID 14506-58). "Through initial post-conviction counsel, Chuck R. Stidham, Hasan filed an initial post-conviction petition on July 23, 1997." (Warden Response, ECF No. 229, PageID 15171-72, citing State Court Record, ECF No. 159-6, PageID 5545-73). The petition raised thirty-nine largely barebones claims covering only 103 paragraphs, of which only Claim Seven—failure to request the hiring of a mitigation expert—is arguably germane to the Proposed Amended Claim Thirty-One (State Court Record, ECF 159-6, PageID 5553). The trial court denied Claim Seven on the grounds that the claim was based on evidence in the trial record, and thus is barred by *res judicata* (State Court Record, ECF No. 159-6, PageID 5620, citing *State v. Perry*, 10 Ohio St. 2d 175 (1967)). The court also concluded that Hasan had failed to demonstrate prejudice, and that "[t]he hiring of a mitigation expert is not a requirement of effective assistance in a capital case." *Id*. at PageID 5621, citing *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. McGuire*, 80 Ohio St. 3d 390 (1997).

On October 29, 1996, Hasan, again represented by Stidham, raised Claim Seven on appeal as part of his First Assignment of Error, ineffective assistance of trial counsel (State Court Record, ECF No. 160-1, PageID 5679-81, 5776-77). The First District Court of Appeals rejected the entire

2

First Assignment of Error as barred by *res judicata*, since an ineffective assistance claim was raised and rejected on direct appeal. *Id*. at PageID 6020. Stidham did not appeal the ineffective assistance claim to the Supreme Court of Ohio (Warden Response, ECF No. 229, PageID 15175).

On May 1, 2001, Hasan, represented by new counsel, filed a new postconviction petition. In his Thirty-Sixth Ground for Relief, Hasan alleged that Stidham was ineffective for failing to present mitigation evidence. In his Thirty-Seventh Ground, Hasan claimed that Stidham was ineffective for failing to present family background evidence as mitigation (State Court Record, ECF No. 160-2, PageID 6185-90). The trial court summarily denied the petition, finding "that the defendant has failed to satisfy the mandatory requirements of R.C. 2953.23(A)(1) and (2). Specifically, the Court finds defendant cannot satisfy the provisions of either (A)(1) or (A)(2)." (State Court Record, ECF No. 160-4, PageID 7042). On appeal, Hasan conceded that:

> Appellant's grounds for relief might not establish by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of conviction or sentenced him to death; however, the documents establish a substantial violation of Appellant's rights to render his judgment and sentence void or voidable under the United States Constitution.

(State Court Record, ECF No. 160-5, PageID 7079-80). The First District rejected this claim, noting that under Ohio Rev. Code § 2953.21(I)(2)[1], "[t]he ineffectiveness or incompetence of counsel during proceedings under this section does not constitute grounds for relief in a proceeding under this section." *State v. Sanders*, 1st Dist. Hamilton No. C-020077, 2002-Ohio-5093, ¶ 18 (Sept. 27, 2002). The appellate court also rejected Hasan's argument that Ohio's statute on second-or-successive petitions violated the Due Process Clause of the Fourteenth Amendment. *Id*. at ¶¶ 14-15. The Supreme Court of Ohio declined to exercise jurisdiction. *State v. Sanders*, 98 Ohio

---

[1] Now codified at Ohio Rev. Code § 2953.21(J)(2).

St. 3d 1423, 2003-Ohio-259.

On April 22, 2003, Hasan, represented by Laurence Komp and Alan Freedman, filed his Petition for Writ of Habeas Corpus in this Court (ECF No. 16). Therein, Hasan alleged ineffective assistance of trial counsel for failure to retain a mitigation expert until the day before the mitigation phase began, commission a psychological or psychiatric investigation of Hasan, conduct an adequate investigation of his family history, or secure medical records. *Id*. at PageID 2145-48. On August 14, 2006, the Magistrate Judge found that "Hasan's thirty-first ground for relief is procedurally defaulted with no excuse to permit this Court's consideration of the merits of the claim. Accordingly, the Magistrate Judge recommends denial of Hasan's thirty-first ground for relief." (Initial Report, ECF No. 81, PageID 1143). On December 29, 2010, the Magistrate Judge stated that "[a]s noted in the R&R, this ground for relief is procedurally defaulted. Hasan's attempt to excuse that default with proof of actual innocence is discussed under Grounds Eight and Nine." (Supplemental Report, ECF No. 119, PageID 1668).

*Martinez* and *Trevino* subsequently established for the first time in federal habeas that ineffective assistance of *postconviction* counsel could constitute cause for excusing procedural default of a substantial ineffective assistance of *trial* counsel claim, when such a claim could first be meaningfully raised in state postconviction proceedings, rather than on direct appeal. *Trevino*, 569 U.S. at 423; *Martinez*, 566 U.S. at 17. In 2014, the Sixth Circuit held that the precedent applied to claims arising out of Tennessee's postconviction regime. *Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2014). Yet, the Sixth Circuit "refused on many occasions to decide that *Martinez* and *Trevino* apply to the Ohio post-conviction system." *Lytle v. Buchanan*, No. 2:17-cv-1146, 2018 WL 5808798, \*2 (S.D. Ohio Nov. 6, 2018) (Merz, Mag. J.), *report and recommendations adopted at* 2019 WL 2290495 (S.D. Ohio May 29, 2019) (Sargus, C.J.).

On January 17, 2019, Hasan, represented by Stuart Lev, filed a Motion to Amend Claim Thirty-One, adding allegations of such ineffective assistance by Stidham in postconviction that the attorney-client relationship was severed, even in the absence of formal abandonment by Stidham (ECF No. 210-1, PageID 14482-83). Hasan argued that Stidham's performance as counsel—so ineffective that he was eventually suspended indefinitely from practicing law in Ohio—constituted good cause to set aside the procedural default of the claim. *Id*. at PageID 14492 n.18, quoting *Maples v. Thomas*, 565 U.S. 266, 285 n.8 (2012). He further claimed prejudice in that his Amended Claim Thirty-One "demonstrates a reasonable probability that at least one juror would have voted differently during the penalty phase, but for trial counsel's deficient performance in connection with investigation, development, and presentation of evidence about Hasan's background and character." *Id*. at PageID 14495, citing *Ambrose v. Booker*, 801 F.3d 567, 577-78 (6th Cir. 2015).

Hasan also argued that *Martinez-Trevino* applied to Ohio cases, as under Ohio law,"[f]or all practical purposes, a petitioner seeking to prove both his trial counsel's deficient performance and prejudice—after prior counsel failed to investigate, develop, and present mitigating evidence rooted in his life history, medical diagnoses, and character—must present evidence outside the trial record." (Motion, ECF No. 210-1, PageID 14498, citing *Trevino*, 569 U.S. at 427-28). This is particularly true, Hasan claimed, in capital cases. *Id*. at PageID 14498-99, citing *Hill v. Mitchell*, 842 F.3d 910, 936-38 (6th Cir. 2016); *State v. Cole*, 2 Ohio St. 3d 112, 113-14 (1982). Further, he argued, "Ohio's state postconviction review procedure is analogous to that of Texas and other states in which *Martinez* and *Trevino* apply." *Id*. at PageID 14499-14500, quoting *Fowler v. Joyner*, 753 F.3d 446, 463 (4th Cir. 2014). Finally, Hasan claimed that there was no "undue delay" that would weigh against granting leave to amend: "Hasan does not seek to change the legal theory

5

pleaded in Claim Thirty-One. He only seeks to allege facts that relate back to the core of facts he pleaded in his initial petition and Claim Thirty-One." *Id*. at PageID 14502.

On May 20, 2019, the Magistrate Judge issued an Order Denying Leave to Amend (ECF No. 216). The Magistrate Judge noted that:

> The original and amended claims are both that Hasan received ineffective assistance of trial counsel in the penalty/mitigation phase of his capital trial in that trial counsel performed deficiently in not obtaining and presenting expert opinion about the impact of his psychosocial history, and underlying lay testimony to explicate that psychosocial history.

*Id*. at PageID 15027. Thus, the undersigned "conclude[d] the amended Claim Thirty-One, if allowed, would relate back to the filing date of the original Petition[,]"*Id.* and rejected the Warden's argument that the Proposed Amended Claim Thirty-One was factually and legally distinct from the initial Claim, and thus barred by the one-year statute of limitations for the Antiterrorism and Effective Death Penalty Act of 1996. *Id*. at PageID 15028, quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *Cowan v. Stovall*, 645 F.3d 815, 818, 819 (6th Cir. 2011); citing 28 U.S.C. § 2244(d)(1); *Mayle*, 545 U.S. at 664. However, he denied the Motion on the ground that *Martinez-Trevino* had not been applied to Ohio:

> The Sixth Circuit has declined on repeated occasions to decide whether *Martinez* and *Trevino* apply to the Ohio system of adjudicating claims of ineffective assistance of trial counsel. Although previously urged to make that decision itself, this Court has declined to apply *Martinez* and *Trevino* to the Ohio system without express guidance from the Sixth Circuit. That is now the law of this case which the Magistrate Judge declines to reconsider.

*Id*. at PageID 15031, citing Order, ECF No. 213. Hasan appealed the Magistrate Judge's decision on July 3, 2019 (ECF No. 222).

On October 8, 2019, the Sixth Circuit decided *White v. Warden*, holding for the first time that *Martinez-Trevino* applied as good cause to excuse ineffective assistance of postconviction

6

counsel, as "Ohio's procedural framework effectively 'channel[ed] initial review of [White's] constitutional claim to collateral proceedings.' Accordingly, under the *Martinez-Trevino* framework, we find that White has cause to overcome his procedural default[.]" 940 F.3d at 278 (brackets in original), quoting *Trevino*, 569 U.S. at 423. On October 15, 2019, the District Judge recommitted the matter to the Magistrate Judge (ECF No. 225), and the Magistrate Judge ordered additional briefing as to whether *White* dictates or permits granting leave to amend (ECF No. 226).

## II. LEGAL STANDARDS

Although the supplemental briefing was ordered *sua sponte*, the legal standard is the same as if Hasan had filed a motion for reconsideration. "[A]n intervening change in controlling law" would be grounds for amendment of a judgment Rule 59(e) of the Federal Rules of Civil Procedure. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). *A fortiori* a change in governing law is sufficient to ground reconsideration of an interlocutory decision. Resolution of a motion for reconsideration is within the discretion of the district court. *Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 841 (N.D. Ohio 2010).

To come under the *Martinez-Trevino* exception, a petitioner must meet four requirements with respect to his ineffective assistance of trial counsel claim:

> The petitioner must show that: (1) he has a "substantial" claim of ineffective assistance of trial counsel; (2) he had "no counsel or counsel ... was ineffective" in his collateral-review proceeding; (3) the collateral-review proceeding was the "initial" review of the claim; and (4) state law requires ineffective-assistance-of-trial-counsel claims to be raised in the first instance in a collateral-review proceeding.

*White*, 940 F.3d at 276, citing *Martinez*, 566 U.S. at 9, 17.

7

**III.     ANALYSIS**

The *White* Court noted that "[a]lthough '[w]e have held that *Martinez* does not apply in Ohio because Ohio permits ineffective-assistance-of-trial-counsel claims on direct appeal,' a question remains regarding the applicability of *Trevino* to Ohio prisoners." 946 F.3d at 277, quoting *Williams v. Mitchell*, 792 F.3d 606, 615 (6th Cir. 2015). *White*'s application of *Trevino* made ineffective assistance of counsel cause for excusing procedural default in postconviction actionable in Ohio for the first time. Thus, it is an intervening change in law that can serve as grounds for the undersigned to reconsider his prior order.

As to the first element under *Martinez-Trevino*, Hasan need not show at this stage that he can prove ineffective assistance of counsel under *Strickland*, 466 U.S. 668. Rather, Hasan meets the first element by raising a substantial claim of ineffective assistance of trial counsel; that is, a claim that is not "without 'any merit'" or "'wholly without factual support.'" *White*, 940 F.3d at 276, quoting *Martinez*, 566 U.S. at 16. Hasan claims that:

> Trial counsel failed to conduct a reasonable investigation of mitigation evidence for the penalty phase, as evidenced by their failure to attempt to use an investigator for mitigation until the last day of the guilt phase of trial, the breakdown in their own communication and planning before the penalty phase began, and their neglect of an entire field of available mitigating evidence.

(Hasan Response, ECF No. 230, PageID 15195, citing Proposed Amended Claim, ECF No. 210-2, PageID 14506-58). Specifically, Stidham failed to investigate or present evidence regarding "what Hasan had endured during his childhood: experiences in poverty, attempting to overcome neglect and abuse, and survival in a series of threatening, chaotic, and violent institutional environments[.]" *Id*. at PageID 15193. "This evidence about Hasan's personal background, character, and health needed no connection to a jury's finding of guilt to justify 'a sentence less than death.'" *Id*. at PageID 15194, quoting *Tennard v. Dretke*, 542 U.S. 274, 287 (2004); *Skipper*

8

*v. South Carolina*, 476 U.S. 1, 5 (1986). The above evidence is relevant and could reasonably have convinced at least one juror to vote for a sentence less than death. *Wiggins v. Smith*, 539 U.S. 510, 535, 537 (2003); *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002). Thus, Hasan has met his modest burden for the first element.

As to the second element, Hasan has met his burden of showing that Stidham performed so deficiently as to be non-representative in postconviction. Hasan claims, and the Warden does not dispute, that Stidham failed to develop the gravamen of Claim Thirty-One with evidence *dehors* the record or present the claim to avoid procedural default. "That failure was one among many failures; physical and mental impairments; a breakdown of attorney-client communication; and even a division of loyalty between his personal, reputational[,] and health-related privacy interests and his client's interest in achieving merits review of his claims[.]" (Hasan Response, ECF No. 230, PageID 15196 (citations omitted)).

The reasoning behind the application of *Martinez-Trevino* to Ohio cases allows Hasan to meet the third element: that ineffective assistance of counsel claims relying on evidence outside the record must be raised initially in postconviction, rather than on direct appeal. *See White*, 940 F.3d at 276-77 (citation omitted). ("[T]he Ohio Court of Appeals deemed direct appeal an inappropriate forum for White's ineffective assistance claim."). *White*'s application of *Martinez-Trevino* to Ohio cases resolves any dispute as to whether Hasan meets the closely-related fourth element—that an ineffective assistance of counsel claim relying on evidence outside the record can only be meaningfully raised in postconviction, even though Ohio law permits ineffective assistance claims to be raised on direct appeal. *Trevino*, 569 U.S. at 429; *White*, 940 F.3d at 277.

In his Response, the Warden notes that Sixth Circuit District Courts applying *Martinez-*

9

*Trevino* have consistently held that it only applies to *initial* postconviction proceedings, not subsequent proceedings, and that *Martinez-Trevino* does not toll the AEDPA statute of limitations (Warden Response, ECF No. 229, PageID 15165-66, 15170, citing *Atkins v. Holloway*, 792 F.3d 654 (6th Cir. 2015); *Sutton*, 745 F.3d at 795-796; *Mann v. Cook*, No. 3:15-cv-570-PLR-HBG, 2019 U.S. Dist. LEXIS 156429, *4 n.2 (E.D. Tenn. Sept. 13, 2019); *Smith v. Lindamood*, No. 2:16-cv-2776-TLP-tmp, 2019 U.S. Dist. LEXIS 147049, *32(W.D. Tenn. Aug. 29, 2019); *Knot v. Lindamood*, No. 3:17-cv-1101, 2019 U.S. Dist. LEXIS 112028, * 40 (M.D. Tenn. Jul. 5, 2019); *Myers v. Minter*, No. 3:17-cv-303-TAV-HBG, 2019 U.S. Dist. LEXIS 104769, *19-20 (E.D. Tenn. Jun. 24, 2019)). The Warden argues that because Hasan raised the gravamen of the original and amended Claim Thirty-One in the successive state court petition, and not the initial petition, the supposedly ineffective assistance by Stidham is irrelevant and *Martinez-Trevino* cannot apply. *Id.* at PageID 15167-68. Conversely,

> If Hasan changed course to un-pin proposed habeas claim 31 from the successive state court post-conviction claims presented by the Ohio Public Defender that are the subject of existing habeas claim 31, the timeliness issue under 28 U.S.C. 2244(d) would have to be re-adjudicated. This would be so since the relation back doctrine of *Mayle v. Felix* would not apply. In this hypothetical re-adjudication, Hasan would have to contend that the supposed "new evidence" to support proposed habeas claim 31 could *not* have been discovered with the exercise of due diligence, which would mean initial post-conviction counsel Chuck Stidham, was effective, and *not* ineffective.

*Id.* at PageID 15171 n.1 (emphasis in original), citing *Mayle*, 545 U.S. 644 (2005).

Thus, the Warden argues, Hasan's claim is paradoxical. The only way Hasan's amended claim could be timely under 28 U.S.C. § 2244(d)(1) is to tie Claim Thirty-One back to claims in the successive state court petition, with which it shares a common core of operative facts. However, because *Martinez-Trevino* cannot apply to claims arising out of a second or successive state petition, "the announcement of *White v. Warden* has no bearing on this case." (Defendant's

10

Response, ECF No. 229, PageID 15178-79, citing *Lombardo v. United States*, 860 F.3d 547, 557-558 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014)). The "volumes of supposed 'new mitigation evidence'" discovered does not and cannot change this result. *Id*. at PageID 15180.

The relation-back doctrine, of course, does not pertain to the relationship between the federal and state claims, but between the original federal claim and the proposed amended claim. As discussed above, the Magistrate Judge has already determined that there was a common core of operative facts between the original and amended Claim Thirty-One (Order, ECF No. 216, PageID 15027-29), and there has been no reason presented to reconsider that ruling. Further, while the Warden is correct that *Martinez-Trevino* has only been applied as to an initial state postconviction petition, it is precisely Stidham's allegedly incompetent representation in that initial postconviction petition that Hasan clams is the good cause to excuse the procedural default of his ineffective assistance of counsel claim (Hasan Response, ECF No. 230, PageID 15197). That the relevant ineffective assistance claim was raised for the first time in the second-or-successive state court petition is immaterial; the claim falls squarely within the exception contemplated by *Martinez-Trevino* and *White*.

The Warden also argues that "[b]eing an unadjudicated allegation, habeas relief could not be granted as to proposed habeas claim 31 unless this Court conducted an evidentiary hearing and entered, *de novo,* favorable fact findings under the *Strickland* test for ineffective assistance of counsel." (Defendant's Response, ECF No. 229, PageID 15181). The Warden also claims that even though Hasan blames his attorneys or failure to present the proper evidence, attorney ineptitude is imputed to the client for 28 U.S.C. § 2254(e)(2) purposes. *Id*. at PageID 15185, quoting *Holland v. Jackson*, 542 U.S. 649, 653 (2004). In sum, "Hasan cannot comply with the

11

'no reasonable factfinder' prong in 28 U.S.C. 2254(e)(2)(B). Accordingly, Hasan cannot 'win' an adjudication of proposed habeas claim 31." *Id*.

As Hasan correctly notes, *White* expressly contemplates factual discovery and evidentiary hearings, "notwithstanding 28 U.S.C. § 2254(e)(2)." (Hasan Response, ECF No. 230, PageID 15204, quoting *White*, 940 F.3d at 279; citing *Detrich v. Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2013) (plurality op.)). Indeed in *White* itself on remand, another Judge of this Court set an evidentiary hearing which was only cancelled when the parties stipulated to the relevant facts. The undersigned agrees with the Ninth Circuit panel that "*Martinez* would be a dead letter if a prisoner's only opportunity to develop the factual record of his state [postconviction relief ("PCR")] counsel's ineffectiveness had been in state PCR proceedings, where the same ineffective counsel represented him. The same is true of the factual record of his trial-counsel's ineffectiveness." *Detrich*, 740 F.3d at 1247 (plurality op.). To apply 28 U.S.C. § 2254(e)(2) against Hasan would vitiate the narrow *Martinez-Trevino* exception to the "the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Martinez*, 566 U.S. at 9, citing *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). The Warden concedes that Hasan has obtained approximately 19,000 pages of discovery (Warden Response, ECF No. 229, PageID 15182), meaning there is no dispute that Hasan has been diligent in pursuing his ineffective assistance claim (Hasan Response, ECF No. 230, PageID 15207, citing *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)). In light of that diligence, and to effectuate the *Martinez-Trevino* exception, Hasan will be granted factual discovery and an evidentiary hearing on Claim Thirty-One.

```
```
## IV. CONCLUSION

For the foregoing reasons, the undersigned's Order Denying Leave to Amend (ECF No. 216) is VACATED. Hasan's Motion for Leave to Amend Claim Thirty-One (ECF No. 210) is GRANTED. Hasan shall file Amended Claim Thirty-One within fourteen days of the entry of this Order.[2] The Warden shall file a Return of Writ as to Amended Claim Thirty-One only within twenty-one days of the filing of the Amended Claim, and Hasan shall file a Traverse as to Amended Claim Thirty-One only within fourteen days of the filing of the Return of Writ. Within thirty days of the Order's entry, the parties shall submit a joint discovery plan including a proposed date for evidentiary hearing.

*IT IS SO ORDERED.*

March 9, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] The Court cautions Hasan against filing his Proposed Amended Claim (ECF No. 210-2) before numbering the paragraphs and removing legal arguments and citations.