# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH HASAN,
 fka Carlos Sanders,

        Petitioner,    :    Case No. 1:03-cv-288

- vs -

        District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
Chillicothe Correctional Institution

                :

        Respondent.

## ORDER ON CLAIMS EIGHT AND NINE

This capital habeas corpus case is before the undersigned on return from District Judge Susan J. Dlott. On March 28, 2019, this Court denied the appeal of Petitioner Siddique Hasan from the Magistrate Judge's decision denying discovery as to Claims Four, Eight, and Nine in his Petition for Writ of Habeas Corpus (Decision and Order, ECF No. 213, citing Decision, ECF No. 190; Appeal, ECF No. 203). The Court, in its Order, held that Claims Four, Eight, and Nine had been procedurally defaulted, and that the exception set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013) ("*Martinez-Trevino*") could not excuse the default, as the exception had not yet been applied to Ohio law (Decision and Order, ECF No. 213, PageID 15005-07, 15011, 15014).

However, on October 18, 2019, the Sixth Circuit held that the *Martinez-Trevino* exception

applied in Ohio cases. *White v. Warden*, 940 F.3d 270 (6th Cir. 2019), *cert. denied sub. nom. White v. Morgan*, 140 S.Ct. 2826 (Mem.) (2020). Hasan subsequently filed a Motion for Reconsideration and to Return Matters to the Magistrate Judge in light of *White* (ECF No. 231). Judge Dlott denied the Motion with respect to Claim Four and granted the Motion with respect to Claims Eight and Nine, returning the latter claims to the Magistrate Judge (Order, ECF No. 236, PageID 15248-49). On March 8, 2021, the undersigned ordered briefing on the applicability of *White* to Claims Eight and Nine no later than March 22, 2021 (Order, ECF No. 237). While Hasan filed a memorandum (ECF No. 241), the Respondent Warden did not.

This Court already addressed the applicability of *White* to Hasan's Claim Thirty-One (Order, ECF No. 238). Therein, the Court discussed the relevant procedural history, Hasan's representation by Chuck Stidham, the procedural default of Hasan's ineffective assistance of counsel claims, and the application of *Martinez-Trevino* to Ohio law for the first time. *Id.* at PageID 15252-56. The Court also discussed the legal standard for using *Martinez-Trevino* to establish cause and prejudice to set aside procedural default for a particular claim. *First*, the claim must be "substantial"—that is, not devoid of legal merit or factual support. *Id.* at PageID 15257, citing *White*, 940 F.3d at 276. *Second*, counsel must have performed ineffectively in post-conviction. *Id*. *Third*, in the particular state, a claim of ineffective assistance of counsel relying on evidence *dehors* the record must be raised for the first time in post-conviction, rather than on direct appeal. *Id.* at PageID 15259, citing *White*, 940 F.3d at 276-77. *Fourth*, the ineffective assistance claim can only be meaningfully raised in post-conviction, even if the state technically allows such a claim on direct appeal. *Id.*, citing *Trevino*, 569 U.S. at 429; *White*, 940 F.3d at 277.

For Claim Eight, Hasan identifies numerous inconsistencies in the testimonies of David

Lomache, Roger Snodgrass, and Anthony Lavelle at Hasan's trial (Hasan Memo., ECF No. 241, PageID 15274-75, citing State Court Record, ECF No. 163-6, PageID 10201; ECF No. 163-10, PageID 10989; ECF No. 164-2, PageID 11324, 11333-34). He also identifies purported falsehoods in the testimony and prior statements of the State's key witness, Kenneth Law, and claims that reasonable investigation would have uncovered several witnesses who would have undercut Law's version of events. *Id*. at PageID 15279-82, citing *Davis v. Bradshaw*, 900 F.3d 315, 330 (6th Cir. 2018); State Court Record, ECF No. 160-2, PageID 6233-34; Motion to Amend, ECF No. 185, PageID 13881, 13893-95.

As to Claim Nine, Hasan argues that there was evidence that Lavelle or James Were, a/k/a Namir Abdul Mateen, was responsible for the death of Corrections Officer Robert Vallandingham, rather than Hasan (Hasan Memo., ECF No. 241, PageID 15285-87 (citations omitted)). Yet, trial counsel failed to investigate or develop any of this evidence. Specifically, "trial counsel failed to adequately investigate and cross-examine the following witnesses: Sherman Sims, Reginald Williams, Miles Hogan, Anthony Lavelle, Stacey Gordon, and Confidential No. 400." *Id*. at PageID 15273. "Trial counsel, however, failed to present any of the substantial evidence undermining the state's theory because they had not adequately investigated and prepared for the trial. Counsel was thus ineffective, and their failures prejudiced Hasan." *Id*. at PageID 15288.

As stated above, Hasan need not meet the *Strickland v. Washington*, 466 U.S. 668 (1984), standard at this juncture to come under the *Martinez-Trevino* exception. Rather, he must simply show that Claims Eight and Nine are factually supported and are not "without merit." *White*, 940 F.3d at 276, quoting *Martinez*, 566 U.S. at 16. Hasan has demonstrated both factual and legal sufficiency through the above, and the Warden has done nothing to call into question Hasan's

3

recitation of the evidence that counsel failed to develop or present. Thus, Hasan has satisfied the first element.

As to the second element, the Court refers to its previous Order on Claim Thirty-One:

> Hasan has met his burden of showing that Stidham performed so deficiently as to be non-representative in postconviction. Hasan claims, and the Warden does not dispute, that Stidham failed to develop the gravamen of Claim Thirty-One with evidence *dehors* the record or present the claim to avoid procedural default. "That failure was one among many failures; physical and mental impairments; a breakdown of attorney-client communication; and even a division of loyalty between his personal, reputational[,] and health-related privacy interests and his client's interest in achieving merits review of his claims[.]"

(ECF No. 238, PageID 15259, quoting Hasan Response, ECF No. 230, PageID 15196). Similarly, there is no dispute that Stidham failed to investigate and present evidence *dehors* the record in support of Claims Eight and Nine; indeed, he did not fairly present the claims at all such that procedural default could be avoided. Thus, Hasan has satisfied the second element for *White*.

The third and fourth elements are easily met, again for the reasons set forth in the Court's previous Order (ECF No. 238, PageID 15259). As Ohio does not permit evidence *dehors* the record to be introduced on direct appeal, Hasan's post-conviction petition was the first time he could meaningfully pursue his ineffective assistance claim. Moreover, the logic of *Trevino*—that *Martinez* should extend to jurisdictions in which ineffective assistance claims, although technically permissible on direct appeal, cannot be meaningfully raised—was extended by the Sixth Circuit to Ohio, due to its prohibition on raising evidence outside the record. *White*, 940 F.3d at 276-77, citing *Trevino*, 569 U.S. at 429.

Having satisfied his burden under *White*, Hasan is entitled to factual discovery and an evidentiary hearing "notwithstanding 28 U.S.C. § 2254(e)(2)." *White*, 940 F.3d at 279, citing

*Detrich v. Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2013) (plurality op.). "*Martinez* would be a dead letter if a prisoner's only opportunity to develop the factual record of his state [postconviction relief ("PCR")] counsel's ineffectiveness had been in state PCR proceedings, where the same ineffective counsel represented him." *Detrich*, 740 F.3d at 1247, citing *Strickland*, 466 U.S. at 694. Hasan is correct that without current counsel examining the witnesses that supposedly clear him of involvement in the killing of Vallandingham and those witnesses that previously implicated him, the Court cannot assess the credibility of those witnesses. Absent such an assessment, the Court cannot determine whether trial counsel's failure to investigate and present this evidence violated *Strickland*.

      For the foregoing reasons, the Court finds that the *Martinez-Trevino* exception, applied to Ohio cases via *White*, constitutes good cause and prejudice to excuse the procedural default of Claims Eight and Nine. Not later than May 4, 2021, the parties shall submit a joint discovery plan, including a proposed date for evidentiary hearing. Upon agreement of the parties, such a plan may encompass discovery and hearing for Claim Thirty-One as well (*See* Order, ECF No. 238, PageID 15263).

April 5, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
