**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

SIDDIQUE ABDULLAH HASAN,
 f/k/a Carlos Sanders,

               Petitioner,             :    Case No. 1:03-cv-288

    - vs -

                                      District Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
Chillicothe Correctional Institution

                              :

               Respondent.

## ORDER

This capital habeas corpus case is before the Court on the Respondent Warden's Objections to Order on Claims Eight and Nine ("Appeal," ECF No. 247), Objections to Order on Claim Thirty-One ("Appeal," ECF No. 254), and Motion to Stay Objections (ECF No. 252), and Petitioner Siddique Abdullah Hasan's Motion for Reconsideration of the Court's previous Order (ECF No. 248). For the reasons set forth below, the Appeals are DENIED, the Motion to Stay is DENIED, and the Motion for Reconsideration is GRANTED.

## I. Factual Background and Procedural History

Much of the relevant procedural history and factual background were set forth in this Court's March 9 and April 6, 2021, Orders (ECF Nos. 237, 238, 243). Those discussions are incorporated by reference.

On February 14, 2013, Hasan's Objections to the Supplemental Report and Recommendations ("Supplemental Objections," ECF No. 122) were overruled as moot, subject to refiling after the completion of the limited discovery that had been granted (Order, ECF No. 144, PageID 1836-37). Yet, a briefing schedule was not issued, and Hasan did not file Supplemental Objections. On March 28, 2019, the Court overruled Hasan's Objections to the Magistrate Judge's Decision and Order denying Hasan's Motion to Amend, for Additional Discovery, an Evidentiary Hearing, or to Stay and Abeyance of Proceedings to Allow Exhaustion of Newly Discovered Claim (Order, ECF No. 213, PageID 15003, 15020, citing Motion to Amend, ECF No. 185; Decision, ECF No. 190; Objections, ECF No. 203). Therein, the undersigned stated that "Petitioner's Objections to the Magistrate Judge's Decision having been overruled, the case remains pending for decision on the Report and Recommendations of August 14, 2006 (ECF No. 81) and the Supplemental Report and Recommendations of December 29, 2010 (ECF No. 119)." *Id*. at PageID 15020-21.

During a May 15, 2019, telephonic status conference, counsel for Hasan indicated to the Magistrate Judge his understanding that the Court would issue a new scheduling order for objections to the reports now that discovery was complete (Tr., ECF No. 220, PageID 15097). However, a new scheduling order never issued. On November 27, 2019, Hasan filed a Motion for Reconsideration of the above-described March 28, 2019 Order, asking that Claims Four, Eight, and Nine be returned to the Magistrate Judge in light of *White v. Warden*, 940 F.3d 270 (6th Cir. 2019), which applied the exception set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013) ("*Martinez-Trevino*") to Ohio for the first time (Motion, ECF No. 231, PageID 15210, 15218). Hasan did not move to alter the portion of the earlier order stating that the case was pending for decision based on the Initial and Supplemental Reports and

Recommendations.  On March 25, 2020, the undersigned granted in part the Motion, returning

Claims Eight and Nine to the Magistrate Judge (Order, ECF No. 236, PageID 15249).

On March 9, 2021, the Magistrate Judge vacated his previous Order Denying Leave to

Amend Claim Thirty-One and granted Hasan's previous Motion for Leave to Amend Claim Thirty-

One, concluding that the claim was viable in light of *White* (Order, ECF No. 238, PageID 15263,

citing Motion, ECF No. 210; Order, ECF No. 216).  The Magistrate Judge ordered Hasan to file a

modified Claim Thirty-One and for the parties to agree upon a schedule for fact discovery and an

evidentiary hearing on that claim only.  Also on March 9, 2021, the Magistrate Judge ordered the

parties to brief the applicability of *White* as to Claims Eight and Nine (Order, ECF No. 237).  While

Hasan filed a memorandum (ECF No. 241), the Warden never did.  On April 6, 2021, the

Magistrate Judge held that *White* applied to Claims Eight and Nine, and ordered fact discovery

and an evidentiary hearing on those claims (ECF No. 243).

On April 14, 2021, the Warden moved to stay enforcement of the Order on Claims Eight

and Nine pending resolution of the Warden's appeal of that Order.  He also moved to consolidate

his appeal of that Order with his appeal of Order regarding Claim Thirty-One (Motion, ECF No.

244).  The Court granted his motion to stay the effectiveness of the Order but denied the motion

to consolidate (Order, ECF No. 245).  The Warden subsequently appealed the Magistrate Judge's

decision as to Claims Eight and Nine (ECF No. 247) and as to Claim Thirty-One (ECF No. 254).

On April 28, 2021, the undersigned adopted the Initial and Supplemental Reports and

Recommendations, and dismissed with prejudice all claims except for Claims Eight, Nine, and

Thirty-One (Order, ECF No. 246).  Therein, the undersigned noted that:

> For reasons that are beyond the scope of the instant Order, on
> February 14, 2013, Hasan's Supplemental Objections were
> overruled without prejudice to refiling pending the completion of
> discovery (Order, ECF No. 144). On February 25, 2018, Hasan was

> granted an extension of time to file supplemental objections up to
> and including May 1, 2018 (Notation Order, ECF No. 192), but did
> not file new supplemental objections. Out of an abundance of
> caution and fairness to Hasan, the Court has considered the initial
> Supplemental Objections (ECF No. 122) in considering the Petition.

*Id*. at PageID 15720 n.2. On May 14, 2021, Hasan moved to reconsider that Order (Motion, ECF No. 248).

Subsequently, the United States Supreme Court granted *certiorari* in *Shinn v. Ramirez*, No. 20-1009, 2021 U.S. LEXIS 2444, ___ S.Ct. ____, 209 L.Ed.2d 748 (May 17, 2021). The Supreme Court will examine the question of whether and to what extent the ban on evidence outside of the state court record set forth in 28 U.S.C. § 2254(e)(2) applies to claims in which cause and prejudice have been demonstrated under *Martinez-Trevino* to set aside a procedural default. The Warden filed a motion to stay the appeals of the Orders regarding Claims Eight and Nine and Claim Thirty One (Motion to Stay, ECF No. 252, PageID 15835). Hasan opposes such a stay (Memo. in Opp., ECF No. 259).

## II.      Legal Standards

### A.      Appeal of Magistrate Judge Decision

The decision on granting fact discovery and an evidentiary hearing on Claims Eight and Nine fell within the undersigned's authority "to hear and determine any pretrial matter pending before the court[.] . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992 (Kinneary, J.). "A [factual] finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (brackets in original), citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[A]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal quotation marks and citations omitted).

> [W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits . . . review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. See *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's [decision] are deemed waived")).

*Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000).

### B.     Staying Proceedings

The Court has the inherent authority to stay proceedings in a case. *See, e.g.*, *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003), quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The party seeking a stay of proceedings bears the burden of making a particularized showing "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from the entry of the order." *Ohio Enviro. Council v. U.S. Dist. Court for the Southern Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

> Courts often consider the following factors when deciding whether to stay an action: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

### C.      Motion for Reconsideration

The Federal Rules of Civil Procedure do not provide expressly for Motions for Reconsideration.  However, "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).  "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

### III.      Analysis

#### A.      Appeal of Claims Eight and Nine

As discussed above, the Warden never responded to the Magistrate Judge's order to brief the issue of applicability of *White* and *Martinez-Trevino* to Claims Eight and Nine.  Although the Warden's appeal discussed extensively why he thinks the evidence in support was unreliable and the Magistrate Judge's decision was erroneous, those arguments are not properly before the Court, as arguments may not be presented for the first time on appeal or objections.  Accordingly, the Warden's Appeal is denied, and the Court will not consider the arguments raised therein.

#### B.      Appeal of Claim Thirty-One

The Warden argues that the Magistrate Judge's previous decisions as to Claim Thirty-One were correct, and that the Magistrate Judge erred in allowing factual discovery and evidentiary

hearing in light of *White*. The Warden specifically notes that the Magistrate Judge considered and

rejected Hasan's ineffective assistance of trial counsel claim, finding that Hasan had failed to

satisfy the actual innocence exception that would serve to set aside his procedural default of the

claim (Appeal, ECF No. 254, PageID 15846-47, citing Report, ECF No. 31, PageID 1141, 1143).

The Magistrate Judge subsequently recommended denying leave to amend the claim, because the

evidence was insufficient to show prejudice under *Strickland*, and because Petitioner had unduly

delayed in seeking leave to amend. *Id*. at PageID 15848, citing Order, ECF No. 216, PageID

15024-41.

> Yet,

> > Despite having previously announced two independent reasons why
> > the proposed amendment to habeas claim 31 should be denied, the
> > Magistrate Judge reversed himself and recommended 1) the
> > proposed amendment to habeas claim 31 be granted; and 2) that
> > Hasan be afforded both discovery and an evidentiary hearing to
> > more fully develop any 'new evidence' in support of habeas claim
> > 31 as amended.

(Appeal, ECF No. 254, PageID 15852, citing Order, ECF No. 238, PageID 15251-63 (emphasis

removed)). Further, "the Magistrate Judge did not explain how *initial post-conviction counsel*

could be ineffective despite the Magistrate Judge's previously determination that *trial counsel*

were not ineffective as to the same matter." *Id*. (emphasis in original). Finally, the Warden argues

that he did not concede that Hasan had been diligent in pursuing the claim. Rather, he was arguing

that the fact that Hasan still couldn't show innocence even after getting 19,000 pages of discovery,

which related only to Claims Eight and Nine, not Thirty-One, underscored how leave to amend

Claim Thirty-One was futile. *Id*. at PageID 15854, citing Order, ECF No. 190, PageID 14016.

The Magistrate Judge's finding of diligence in the March 2021 Order is opposed to the earlier

finding of undue delay, the Warden argues (Appeal, ECF No. 254, PageID 15855-56). "Because

the finding of 'diligence' to warrant the amendment of habeas claim 31 has no support in the

record, and is directly contradicted by prior findings by the Magistrate Judge himself, the Warden respectfully submits there is a material error of fact that should case [*sic*] the Court to disapprove of the finding of 'diligence' in Doc. 238, Order for Additional Briefing." *Id*. at PageID 15857.

Further, the Warden argues that the Magistrate Judge erred to the extent that he concluded that *White*'s application of *Martinez-Trevino* to Ohio law meant that Hasan would not need to meet 28 U.S.C. § 2254(e)(2) to obtain an evidentiary hearing (Appeal, ECF No. 254, PageID 15858). The Warden claims that Hasan's supposed ineffective assistance of counsel is actually the lack of diligence that bars a hearing under 28 U.S.C. § 2254(e)(2). *Id*. at PageID 15858-59, quoting Order Denying Discovery, ECF No. 37, PageID 518; citing *Williams (Michael) v. Taylor*, 529 U.S. 420, 429-30, 432, 433-34 (2000)). Indeed, the Magistrate Judge previously found that Hasan had not even attempted to satisfy the *Keeney v. Tamayo-Reyes* due diligence standard, which is required under *Williams (Michael)* to get an evidentiary hearing. *Id*. at PageID 15859-60, citing *Williams (Michael)*, 529 U.S. 420 (2000); *Keeney*, 504 U.S. 1 (1992), *codified at* 28 U.S.C. § 2254(e)(2) *as stated in Williams (Michael)*, 529 U.S. at 433-34. Further, Hasan's attempt to differentiate between his postconviction and trial counsel's ineffective assistance in presenting evidence in support of Claim Thirty-One is unavailing, because the *Williams (Michael)* Court "did not distinguish between the prisoner's trial counsel, the prisoner's direct appeal counsel, the prisoner's initial post-conviction counsel, or the prisoner's successive post-conviction counsel." *Id*. at PageID 15859-61.

The Warden argues that even post-*White*, 28 U.S.C. § 2254(e)(2) bars an evidentiary hearing when, as here, the state court denies a second or successive postconviction petition on the procedural ground that the new evidence could have been presented in first postconviction action. *Id*. at PageID 15862, citing *Holland v. Jackson*, 542 U.S. 649, 650-51 (2004) (*per curiam*). This

is well-established in Supreme Court precedent that *White* did not address, much less depart from. *Id.* at PageID 15866, citing *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Holland*, 542 U.S. 649; *Williams (Michael)*, 529 U.S. 420.

The Warden's arguments are not persuasive. *White* allowed *Martinez-Trevino* to be applied in Ohio for the first time; in light of *White*, the Magistrate Judge was well within reason to depart from his previous determination that Hasan was not entitled to discovery and an evidentiary hearing (Response, ECF No. 265, PageID 15958-59). The Court has inherent authority to reconsider its earlier orders prior to entry of final judgment, *see, e.g.*, *In re Saffady*, 524 F.3d 799, 802-03 (6th Cir. 2008), and such reconsideration is particularly appropriate when, as here, there is an intervening change of law. *GenCorp.*, 178 F.3d at 834. Moreover, the Magistrate Judge did not err in concluding that Hasan need not meet *Strickland* to demonstrate cause and prejudice sufficient to set aside the procedural default due to ineffective assistance of postconviction counsel. Rather, he needed to show only that: (1) claim of ineffective assistance of trial counsel must be substantial; (2) postconviction counsel must have performed deficiently in defaulting the claim; (3) postconviction was first time to raise the claim; and (4) state law requires that the claim be brought on collateral review, rather than direct appeal (Response, ECF No. 265, PageID 15963-64, citing *Trevino*, 569 U.S. at 423; *White*, 940 F.3d at 276-77). The Magistrate Judge's determination that Hasan met all four elements (Order, ECF No. 238, PageID 15258-59) was not contrary to law.

The Warden's argument that the Magistrate Judge's finding of diligence by Hasan was opposed to his earlier conclusion of undue delay is also unavailing. The Magistrate Judge correctly noted that the amended Claim Thirty-One relates back to the original claim, sharing a "common core of operative facts[.]" (Response, ECF No. 265, PageID 15979, citing *Hageman v. Signal L.P.*

9

*Gas, Inc.*, 486 F.2d 479, 484 (6ᵗʰ Cir. 1973); Order, ECF No. 238, PageID 15261).  The Warden's

focus on the Magistrate Judge's prior finding of undue delay ignores that *White* was an intervening

change of law, and that less than two months after *White* was decided, "Hasan argued that the

intervening change of law made *Martinez-Trevino* newly available to him, that he could overcome

procedural default, and, therefore, amendment was proper." *Id*. at PageID 15981; *see also* Motion

for Reconsideration, ECF No. 231.  Accordingly, any reversal by the Magistrate Judge on the issue

of undue delay was proper.

Finally, the Warden's argument as to 28 U.S.C. § 2254(e)(2) ignores the distinction made

in *Williams (Michael)* that the statutory bar applies only when the petitioner is culpable of a "lack

of diligence, or some greater fault" for failing to develop the evidence in the state court. *Williams*

*(Michael)*, 529 U.S. at 431.  Here, the Magistrate Judge properly found that Hasan was not at fault

and had diligently pursued his claim (Order, ECF No. 238, PageID 15262).  Hasan points to

numerous instances in the record, dating back to 1997, in which he attempted to alert the state

court of postconviction counsel Chuck Stidham's deficient performance and to proceed *pro se* or

with new counsel (Response, ECF No. 265, PageID 15994, citing State Court Record, ECF No.

158-3, PageID 3247-53, ECF No. 159-2, PageID 4107, 4109-23, ECF No. 160-1, PageID 5647,

6029, ECF No. 160-2, PageID 6496-6502).  Thus, the Magistrate Judge's diligence finding was

not clearly erroneous, as would be required to set it aside. *Bisig*, 940 F.3d at 219.  Similarly, the

Magistrate Judge's finding that Stidham's performance was so deficient as to be virtually non-

representative in postconviction (Order, ECF No. 238, PageID 15259) was not clearly erroneous.

Stidham's deficient performance means that, under *Martinez*, there is cause and prejudice for

setting aside the procedural default of Claim Thirty-One.  *Martinez*, 566 U.S. at 9.  As Hasan is

not "at fault" for failing to develop Claim Thirty-One, 28 U.S.C. § 2254(e)(2) does not operate to

10

bar Hasan from factual discovery and an evidentiary hearing.  The Warden's appeal is denied.

### C.        Stay of Objections to Claims Eight, Nine, and Thirty-One

The Magistrate Judge held that Claims Eight, Nine, and Thirty-One were viable in light of *White* applying *Martinez-Trevino* to Ohio law for the first time; therein, he ordered fact discovery and an evidentiary hearing on those claims (Orders, ECF Nos. 238, PageID 15263, ECF No. 243, PageID 15712).  In doing so, the Magistrate Judge implemented his understanding—one shared by a majority of judges on the panel in *Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019)— that the utility of *Martinez-Trevino* is sharply limited unless the petitioner is allowed to discover and present evidence that postconviction counsel was ineffective in failing to develop.  However, the State of Arizona argues, and a minority of judges in the United States Court of Appeals for the Ninth Circuit agrees, that this understanding improperly obviates the bar on evidence outside the state court record implemented by 28 U.S.C. § 2254(e)(2).  *Ramirez v. Shinn*, 971 F.3d 1116, 1116-17 (9th Cir. 2020) (*en banc*) (Collins, J., dissenting).  The Warden argues that the Supreme Court's decision on this issue will be dispositive of whether Hasan is even entitled to develop evidence outside the state court record in support of Claims Eight, Nine, and Thirty One.  Thus, a stay of the objections to—in actuality, a stay on merits adjudication of—those claims is proper (Motion, ECF No. 252, PageID 15835-36).

Hasan raises two main arguments as to why a stay would be improper.  *First*, despite the Court inviting the parties to brief the applicability of *White* to Claims Eight and Nine, the Warden never did.  "Given the state's failure to raise the argument before the Magistrate Judge, this Court need not reach the question at all with regard to claims eight and nine." (Memo. in Opp., ECF No. 259, PageID 15895-96).  Thus, he claims, any "decision in *Ramirez* therefore will not control the outcome of this case with respect to these claims." *Id*. at PageID 15896.  *Second*, Hasan argues

that in *Ramirez* and its companion case, *Jones v. Shinn*, 943 F.3d 1211 (6th Cir. 2019), *reh'g en banc denied*, 971 F.3d 1133 (6th Cir. 2019), "the question is whether attorney ineffectiveness sufficient to establish cause to overcome procedural default, pursuant to *Martinez* and *Trevino*, likewise discharges the habeas petitioner of any fault for failing to seek an evidentiary hearing in state court." (Memo. in Opp., ECF No. 259, PageID 15896). Hasan argues that Stidham, his postconviction attorney, went beyond mere ineffectiveness by performing so deficiently that the attorney-client relationship was severed, and because Stidham's deficient performance severed the relationship, the failure to develop any evidence cannot be imputed to Hasan. *Id*. at PageID 15897.

Moreover, Hasan argues that he was diligent in attempting to expose the breakdown of the attorney-client relationship; "Hasan repeatedly notified the state court of the irreconcilable breakdown in the attorney-client relationship, and sought opportunities both to have conflict-free counsel appointed and to submit pro se filings, to no avail." (Memo. in Opp., ECF No. 259, PageID 15903). Hasan argues that the severance of the attorney-client relationship and diligence in seeking to present evidence are issues that are unlikely to be reached in *Ramirez* and *Jones*, meaning that this Court will need to reach them regardless of the outcome at the Supreme Court. "[B]ecause the evidentiary hearing the Magistrate Judge has ordered is vital to developing the record in support of those arguments, there is no good reason to stay these proceedings to await the Supreme Court's decision in *Ramirez* and *Jones*." *Id*. at PageID 15905.

The undersigned is cognizant of the amount of work the parties must do with respect to Claims Eight, Nine, and Thirty-One, and that factual development of those claims is within the issue being addressed by the Supreme Court. Yet, even though *Ramirez* and *Jones* may impact such fact development, the Warden has not met his burden of demonstrating that a stay is appropriate. As discussed above, by failing to respond to this Court's Order for briefing on Claims

Eight and Nine, the Warden has waived any argument with respect to that Order.  Further, the Court is mindful that, as Hasan puts it, "every year of delay creates a further burden on Hasan's legal team to continue maintaining contacts with witnesses. Delay also increases the chance that those witnesses become unavailable or may die."  (Memo. in Opp., ECF No. 259, PageID 15906-07, citing *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997)).  Given the failure of the Warden to file a memorandum and the difficulties a stay imposes upon Hasan, the Court will not stay proceedings with respect to Claims Eight and Nine.

While *Ramirez* and *Jones* certainly bear on the instant case, Hasan is correct that Stidham's actions and inactions went far beyond negligence.  Thus, even a reversal in *Ramirez* and *Jones* would not necessarily bar factual development and presentation on Claim Thirty-One; the Court would need further briefing as to whether severance of the attorney-client relationship still constituted an exception to the bar in 28 U.S.C. § 2254(e)(2).  Conversely, an affirmance would mean that a stay would have constituted an unnecessary risk that Hasan may not be able to develop certain evidence.  Finally, as the Warden notes, this case "has been pending without interruption for eighteen years."  (Memo. in Opp., ECF No. 250, PageID 15830).  Even with Claim Thirty-One being newly amended, there is an urgency to adjudicate that claim and the case as a whole.  For these reasons, the Court will not stay proceedings with respect to Claim Thirty-One.  The Warden's Motion to Stay is denied.


### D.      Motion for Reconsideration

Hasan argues "that this Court made an error of fact by deciding the claims addressed in the April 28, 2021 order under the mistaken belief that Petitioner had been put on notice that the claims were ripe for decision, but declined to file objections pertaining to those claims."  (Reply, ECF No. 253, PageID 15837).  Rather, Hasan "reasonably understood, and reasonably relied on his

13

understanding, that he would have an opportunity to re-file updated objections and resubmit litigation related to COA briefing, pursuant to this Court's February 15, 2013 order." (Memo., ECF No. 249, PageID 15817). Specifically, the continuance granted to May 1, 2018, "related to the objections from the Magistrate Judge's February 15, 2018 decision and order denying discovery, an evidentiary hearing, and amendment specifically as to claims four, eight through ten, and [potential claim] thirty-six. It did not relate to the re-filing of objections to the supplemental R&R." *Id*. at n.1. To forbid Hasan from filing Supplemental Objections in light of his reasonable reliance on the understanding from the May 15, 2019, conference would be clear error and effect a manifest injustice. *Id*. at PageID 15827. In opposition, the Warden merely argues that "Hasan does not contend that the District Court made a substantive error of law or fact. Instead, Hasan simply wishes for more opportunities the [*sic*] continue this litigation[.]" (Memo. in Opp., ECF No. 250, PageID 15830).

While Hasan quotes the footnote regarding the Court's allegedly erroneous reading of its February 15, 2018, Order, he omits the following: "Out of an abundance of caution and fairness to Hasan, the Court considers the arguments raised in the Supplemental Objections." (Order, ECF No. 246, PageID 15720 n.2). Hasan does not identify the law or fact that he would have included in an updated supplemental objections that was not considered by the Court. Hasan also omits any discussion of the Court's March 25, 2019, Order stating that the Initial and Supplemental Reports were ripe for decision. Nonetheless, a reasonable reading of the May 15, 2019, conference transcript reveals that, with discovery concluded, the Court had intended to issue a new briefing schedule. Further, Hasan's failure to file any new objections or a motion for new scheduling order can reasonably be interpreted as reliance on the Magistrate Judge's intention to issue a new schedule. Thus, to prevent manifest injustice, the Motion for Reconsideration is granted, and the

Court vacates its previous Order (ECF No. 246).

## IV.     Conclusion

For the foregoing reasons, the Warden's Appeal of the Magistrate Judge's Decision as to Claims Eight and Nine (ECF No. 247) is DENIED, and his Appeal as to Claim Thirty-One (ECF No. 254) is DENIED.  The Warden's Motion to Stay (ECF No. 252) is DENIED.  Hasan's Motion for Reconsideration of this Court's Order (ECF No. 248) is GRANTED, and the Court's previous Order (ECF No. 246) is VACATED.  The parties are ORDERED to submit, within thirty (30) days of this Order, a joint proposed scheduling order that will contain dates for factual discovery and evidentiary hearing on Claims Eight, Nine, and Thirty-One.

August 10, 2021.

s/Susan J. Dlott<br>
United States District Judge