# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH HASAN,
 fka Carlos Sanders,

        Petitioner,  :  Case No. 1:03-cv-288

- vs -

    District Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
Chillicothe Correctional Institution

        Respondent.  :

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner Siddique Abdullah Hasan's Motion to Bifurcate (ECF No. 267). On August 10, 2021, Judge Dlott denied the Appeals of the Respondent Warden as to the Magistrate Judge's Orders on Claims Eight and Nine and Claim Thirty-One (Order, ECF No. 266, 243). Therein, she ordered the parties to submit a joint scheduling order for discovery and evidentiary hearing on those claims. *Id*. at PageID 16012.

However, the parties have "reached a good faith disagreement" over Petitioner's desire to bifurcate the presentation of evidence on Claim Thirty-One from that on Claims Eight and Nine (Motion, ECF No. 267, PageID 16013). Petitioner argues that Claim Thirty-One, a mitigation phase ineffective assistance claim, differs substantially from Claims Eight and Nine, both of which are guilt phase ineffective assistance claims, proceeding under legal theories and requiring

1

different witnesses. *Id*. at PageID 16014. "Petitioner believes that such an approach [(bifurcation)] would, in the long run, be more efficient and better allow the parties to organize their efforts and resolve any logistical difficulties that might arise." *Id*.

The Warden contends that the three claims are interrelated as part of an overall argument of ineffective assistance of trial counsel, and notes that trial counsel will need to testify as to all three claims (Memo. in Opp., ECF No. 268, PageID 16018).[1]  Moreover, the Warden claims, "[s]ince the decision-making process by Hasan's various prior counsel involve guilt phase and mitigation phase considerations, any 'bifurcation' of the evidentiary hearing would distort this process and inject uncertainty and confusion into the proceedings." *Id*. at PageID 16019.

The Magistrate Judge agrees with the Warden.  Unlike, for example, claims of ineffective assistance at trial and on direct appeal, alleged ineffectiveness in the guilt and mitigation phases both fall within the scope of trial counsel and trial strategy.  Thus, there will be overlap in the evidence across all three claims.  The fact that counsel must testify as to all three claims is further support for having all three claims proceed together.  Indeed, under Petitioner's plan, the evidence would proceed on three tracks:  (1) evidence specific to Claim Thirty-One at the first hearing; (2) attorney testimony relating to Claims Eight, Nine, and Thirty-One at the first hearing; and (3) evidence specific to Claims Eight and Nine at the second hearing.  Contrary to Petitioner's conclusory argument (Motion, ECF No. 267, PageID 16014), it is difficult to conceive how this setup would be *more* efficient than the Court hearing all the evidence at once.

Finally, Petitioner states that he only seeks bifurcation for the purpose of presenting the

---

[1] Petitioner concedes the latter argument and proposes that counsel testify only once as to all three issues (Motion, ECF No. 267, PageID 16015).

evidence, not for adjudication of the claims (Motion, ECF No. 267, PageID 16014).  Yet, Petitioner fails to explain why a potentially lengthy delay between the presentation of evidence for and adjudication of Claim Thirty-One is preferable to a consolidated presentation and adjudication.

For the foregoing reasons, Petitioner's Motion to Bifurcate (ECF No. 267) is DENIED. The parties shall, not later than September 15. 2021, submit a joint proposed scheduling order for factual discovery and evidentiary hearing.[2]

September 1, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] Although not necessary to the decision, the undersigned expresses concern with Petitioner's statement that it will take between eight and eleven days to present evidence on the three claims (Petition, ECF No. 267, PageID 16015). Given the numerous writs of habeas corpus *ad testificandum* that will need to be issued, such a lengthy hearing will be approved by the Court only by a showing of clear need.