# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH HASAN,
 Formerly known as Carlos Sanders,

    Petitioner,  : Case No. 1:03-cv-288

 - vs -

           District Judge Susan J. Dlott
           Magistrate Judge Michael R. Merz

TODD ISHEE, Warden

              :

    Respondent.

## ORDER REGARDING DISCOVERY

This capital habeas corpus case is before the Court on Respondent Warden's Motion to Conduct Pre-Trial Depositions (ECF No. 281.)  The Warden seeks to depose four former attorneys for Petitioner Siddique Abdullah Hasan:  Cathy Cook, Kelly Culshaw, Alan Freedman, and Laurence Komp.  For the reasons set forth below, the Warden's Motion is **DENIED**.

**I. Legal Standard**

The standard for discovery in habeas matters was articulated by the Supreme Court in *Bracy v. Gramley*, 520 U.S. 899 (1997), and codified in Rule 6 of the Rules Governing 2254 Cases ("Habeas Rules"):  the party requesting discovery must provide reasons for the request, and those reasons must constitute good cause to obtain the requisite leave of Court to conduct discovery.  Habeas R. 6(a-b).  The Court must first identify the elements of the claim for which discovery is sought, and then evaluate whether the evidence sought is relevant to the claim. *Bracy*, 520 U.S. at 904.  The parties disagree as to whether *Bracy* applies to the Warden, as he

1

seeks only to respond to Petitioner's Claims Eight, Nine, and Thirty-One ("the Claims") (Motion, ECF No. 281, PageID 16054; Memo. in Opp., ECF No. 283, PageID 16107-08.) The Warden's position that it does not has no support in the law. Rule 6 expressly refers to "a party," and does not, with the exception of the irrelevant Rule 6(c), differentiate between the burdens for petitioner and respondent. Moreover, the *Bracy* Court analyzed the petitioner's burden because the petitioner was the party seeking discovery. Nothing in its holding or dicta suggests its reasoning was limited to a petitioner. In sum, the "good cause with good reasons" requirement applies equally to the Warden as it does to Petitioner. The Warden must make specific factual allegations in support of his argument of good cause. *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

**II.     Analysis**

    **A.     Scope of Claims**

The Claims are as follows:

> 8.     Trial counsel were ineffective for failing to investigate and present witnesses which [*sic*] could have adequately confronted the state's case that Petitioner orchestrated the 1993 prison riot and ultimately maintained a leadership role throughout its course and ordered the killing of a guard in violation of the Sixth and Fourteenth Amendments (Petition, ECF No. 16, PageID 2069);

> 9.     Petitioner's counsel were ineffective when they failed to investigate and cross-examine state's witnesses which would have dispelled the state's theory that Petitioner orchestrated the 1993 prison riot and ultimately maintained a leadership role throughout its course and ordered the killing of a guard in violation of the Sixth and Fourteenth Amendments (*id*. at PageID 2083); and

> 31.     Trial counsel were ineffective for failing to investigate and present witnesses at the mitigation phase in violation of the Sixth and Fourteenth Amendments (Am. Claim Thirty-One, ECF No. 242, PageID 15298.)

The Warden argues that effectiveness of postconviction counsel, specifically the performance of Chuck Stidham, has been put into issue by Hasan, and discovery is appropriate to

2

fairly respond to those claims (Motion, ECF No. 281, PageID 16054-55.) Petitioner counters that the effectiveness of postconviction counsel was only relevant in determining whether good cause existed under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), to set aside the procedural default of the Claims, all of which pertain to ineffective assistance of trial counsel (Memo. in Opp., ECF No. 283, PageID 16107-08.[1]) The Warden claims that Petitioner's argument is belied by his listing of Stidham as a potential witness at the evidentiary hearing on the Claims (Reply, ECF No. 287, PageID 16208, citing Pet. Witness List, ECF No. 278-1, PageID 16046.) "Moreover, in its determination to proceed with a *Martinez* evidentiary hearing, the Court could not have intended to issue a final adjudication that Stidham was ineffective as post-conviction counsel. Actual evidence by which to determine the effectiveness of post-conviction counsel has yet to be generated." (*Id.*)

The Warden is correct that setting aside the procedural default under *Martinez-Trevino* did not constitute a merits decision on whether Stidham was ineffective. Yet, Stidham's relative effectiveness is not within the scope of the Claims. The issue previously before the Court was whether Stidham was ineffective in postconviction and, if so, whether that ineffectiveness could excuse the procedural default of the Claims. Stidham is set to testify only as to the Claims, not his representation of Petitioner in postconviction (Pet. Witness List, ECF No. 278-1, PageID 16046.) If Stidham, while testifying, exceeds the scope of the Claims, the Warden's counsel is free to object. However, why Stidham undertook certain actions as postconviction counsel is not, contrary to the Warden's claim, subject to a final determination by this Court (Reply, ECF No. 287, PageID 16208.) Rather, it is only why *trial* counsel undertook or did not undertake

---

[1] At various points in Petitioner's memorandum *contra*, there are references to the Warden's Motion as, *e.g.* "Mot. 4" (ECF No. 283, PageID 16108), rather than to the document's ECF and PageID numbers. The parties are reminded that the latter type of references are required under S.D. Ohio L.Civ.R. 7.2(b)(3). Future filings that do not comply with the Local Rule may be stricken at the Court's discretion.

certain actions that is subject to final determination after an evidentiary hearing, and only discovery related to the Claims will be permitted upon good cause shown.

### B. Cathy Cook

The Warden argues that Cook, postconviction co-counsel with Stidham[2], will have information on the Motion for New Trial that she filed with Stidham and later withdrew (Reply, ECF No. 287, PageID 16209.) It is unclear to the Court why that motion and its withdrawal have anything to do with trial counsel's ineffectiveness. The Warden concedes that the reason for taking Cook's deposition is "[b]ecause the reasons for action or lack of action by post-conviction counsel Stidham remain an open question[.]" (*Id*.) Yet, as discussed above, they are not open questions. Accordingly, the Motion is denied as to Cook.

### C. Kelly Culshaw

The Warden claims that Culshaw, state court successive postconviction counsel for Petitioner, "has considerable information about the controversy with deceased trial counsel Dave Otto, as well as about the steps she took to bring in expert psychologist Dr. Monique Coleman." (Motion, ECF No. 281, PageID 16055.) The Warden's argument as to Otto is belied by the documents to which he obliquely refers, which show that Culshaw, far from having information about Otto, unsuccessfully sought to depose him regarding supposed inconsistencies between his affidavit and other evidence (State Court Record, ECF No. 160-4, PageID 6997-7000, ECF No. 160-4, PageID 7018.) While the Warden refers to a dispute between Otto and trial co-counsel Tim Smith (Reply, ECF No. 287, PageID 16209, citing Motion App'x, ECF No. 281-1, PageID

---

[2] Petitioner argues that Cook represented him only on direct appeal, not in postconviction (Memo. in Opp., ECF No. 283, PageID 16108.) The Court need not address this argument, as it is not necessary to decide the Motion.

16073), it is unclear why Culshaw would be a better source of information about the dispute than Smith, who is on Petitioner's witness list (ECF No. 278-1, PageID 16046) and has already been deposed by the Warden (ECF No. 287.)  Information from Culshaw about a dispute between Otto and Smith would thus amount to the type of fishing expedition that Habeas Rule 6 is designed to prevent.  *Williams*, 380 F.3d at 974.

The topics of Culshaw's hiring of Coleman and her interviews of defense trial investigator Darlene Crowl and many inmate witnesses are no more suited for deposition than her interview with Otto.  It is true that the actions of Crowl and the inmates may be at issue at the evidentiary hearing (Reply, ECF No. 287, PageID 16210), and that the decision to hire Coleman may reflect on trial counsel's effectiveness in failing to obtain a psychological evaluation. However, the Warden does not indicate that Culshaw would be testifying as an opinion, rather than fact, witness, and the Warden does not explain how Culshaw's actions as *postconviction* counsel directly bear on the effectiveness of *trial* counsel.  In the absence of any evidence directly relating to the Claims, the Warden's Motion must be denied as to Culshaw.

### D.     Alan Freedman and Laurence Komp

The Warden argues that Hasan has repeatedly accused Freedman and Komp, federal habeas counsel, of "ineptitude that, according to Hasan, has prevented an earlier presentation of new mitigation evidence Hasan had procured since 2018. The Warden should be permitted to test the strength of Hasan's allegation by way of a deposition of Komp and Freeman [*sic*]." (Motion, ECF No. 281, PageID 16055.)  Again, whatever ineptitude there was by Freedman and Komp in delaying the development and presentation of new evidence is not before the Court.  Their performance as *habeas* counsel has no bearing on the effectiveness of *trial* counsel with respect

5

to the Claims.  Moreover, as Petitioner correctly states, the issue of whether Petitioner unduly delayed in seeking leave to amend Claim Thirty-One has been conclusively adjudicated by this Court (Memo. in Opp., ECF No. 283, PageID 16110, citing Order, ECF No. 266, PageID 16006-08.)  Accordingly, there are no grounds to depose Freedman and Komp, and the Motion must be denied as to them as well.

### III. Conclusions

For the foregoing reasons, the Warden's Motion for Pre-trial Discovery is **DENIED**. Discovery in the case remains suspended pursuant to the Court's January 7, 2022, Order Amending Schedule (ECF No. 288.)

April 18, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge