# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH HASAN,
 Formerly known as Carlos Sanders,

        Petitioner,   :  Case No. 1:03-cv-288

  - vs -

                        District Judge Susan J. Dlott
                        Magistrate Judge Michael R. Merz

TODD ISHEE, Warden

                                :

        Respondent.

## ORDER STAYING DISCOVERY AND SETTING BRIEFING SCHEDULE

      This capital habeas corpus case is before the Court *sua sponte* in light of the Supreme Court's decision in *Shinn v. Martinez Ramirez*, No. 20-1009, ___ S.Ct. ____, 2022 WL 1611786 (May 23, 2022). In its August 10, 2021, Order regarding discovery, the Court acknowledged that certiorari had been granted in *Martinez Ramirez*, noting that "[t]he Supreme Court will examine the question of whether and to what extent the ban on evidence outside of the state court record set forth in 28 U.S.C. § 2254(e)(2) applies to claims in which cause and prejudice have been demonstrated under *Martinez-Trevino* to set aside a procedural default." (ECF No. 266, PageID 16001, citing *Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012).) The Warden moved to stay the proceedings, including discovery, as to Claims Eight, Nine, and Thirty-One, arguing that a decision in *Martinez Ramirez* barring evidence outside the record would obviate the need for discovery on those claims. The Court denied that motion, concluding that the Warden had waived any argument as to Claims Eight and Nine and that 28 U.S.C. §

2254(e)(2) did not bar discovery as to Claim Thirty-One. (*Id*. at PageID 16003, 16007-08.) The Court subsequently approved a joint discovery schedule (Joint Motion, ECF No. 290; Order, ECF No. 291.)

However, in its August 2021 Order, the Court stated that, in the event the Supreme Court reversed *Ramirez v. Ryan*, 937 F.3d 1230 (9th Cir. 2019), *reh'g denied sub nom. Ramirez v. Shinn* 971 F.3d 1116 (9th Cir. 2020), and *Jones v. Shinn*, 943 F.3d 1211 (9th Cir. 2019), *reh'g denied* 971 F.3d 1133 (9th Cir. 2020), and held that 28 U.S.C. § 2254(e)(2) barred factual discovery, "the Court would need further briefing as to whether severance of the attorney-client relationship still constituted an exception to the bar in 28 U.S.C. § 2254(e)(2)." (Order, ECF No. 266, PageID 16010.) The Supreme Court has now held that even when ineffective assistance of postconviction counsel prevented the state court record from being adequately developed, and thus came under the *Martinez-Trevino* exception to procedural default, there was "no warrant to impose any factfinding requirements beyond § 2254(e)(2)'s narrow exceptions to AEDPA's general bar on evidentiary hearings" and reversed the Ninth Circuit. (*Martinez Ramirez*, 2022 WL 1611786, at *13 (alterations, internal quotation marks, and citation omitted).)

In light of *Martinez Ramirez*, it is uncertain whether 28 U.S.C. § 2254(e)(2) bars any evidentiary hearing for Petitioner Siddique Abdullah Hasan on Claims Eight, Nine, and Thirty-One. Thus, the Court's May 4, 2022, Notation Order Granting Joint Motion to Approve Proposed Amended Schedule (ECF No. 291) is **VACATED** and discovery in the case is **STAYED** pending resolution of this issue. The Court is cognizant of the effort expended by the parties to develop a discovery schedule and of the risk to Petitioner that he may not be able to develop certain evidence as a result of the stay (Order, ECF No. 266, PageID 16010.) Nonetheless, discovery is in the early stages (*see, e.g.*, May 18, 2022, Motion for Leave to

Conduct Written Discovery, ECF No. 292), and it would be a waste of time and resources for the parties to attempt to develop evidence unless the Court is satisfied that it may properly consider that evidence.

Further, the parties are **ORDERED** to submit simultaneous briefing on the issue of whether 28 U.S.C. § 2254(e)(2) bars consideration of evidence outside the state court record within thirty days of this Order. Responsive memoranda may be filed within fourteen days of the filing of the initial briefs.

Petitioner's Motion to Conduct Written Discovery is DENIED without prejudice to its renewal if the stay of discovery is lifted.

May 24, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge