# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH HASAN,
 f/k/a Carlos Sanders,

                 Petitioner,      :      Case No. 1:03-cv-288

  - vs -

                                    District Judge Susan J. Dlott
                                    Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution

                 Respondent.      :

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion to Amend his Habeas Petition (ECF No. 309) and Motion to Stay Litigation to Pursue State Court Remedies (ECF No. 310).

Motions to amend and motions to stay are non-dispositive motions within the initial decisional authority of and assigned Magistrate Judge. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

The Motion to Amend is denied without prejudice to its renewal on certain conditions and the Motion to Stay is denied, both for the reasons that follow.

**Motion to Amend [ECF No. 309]**

Petitioner's original Petition for federal habeas corpus relief, filed on April 22, 2003, alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963) in Claims Ten and Eleven and a violation of *Napue v. People of State of Ill.*, 360 U.S. 264 (1959), in Claim Seventeen. (ECF No. 16 at PageID# 2090-92, 2103-04). Petitioner has now filed a Motion to Amend (ECF No. 309), stating that he is seeking to assert a "new claim" based on *Brady* and *Napue* violations, or, alternatively, that he is seeking to amend Claims Ten, Eleven, and Seventeen with additional facts and evidence. (ECF No. 309-1 at PageID# 18390). Whichever characterization Petitioner chooses, his proposed amendment adds detail to his original habeas Claims Ten, Eleven, and Seventeen.[1]

On direct appeal, as part of his Fifth Proposition of Law, Petitioner alleged that the prosecutor knew that state's witness Kenneth Law offered perjured testimony. (Merit Brief of Appellant, State Court Record, ECF No. 159-3 at PageID# 4519-4520). The Supreme Court of Ohio dismissed the claim, concluding that it was unsubstantiated. *State v. Sanders*, 2001-Ohio-189, 92 Ohio St. 3d 245, 271 (copy at State Court Record, ECF No. 159-5 at PageID# 5357-5358).

Petitioner raised a non-specific *Brady* claim as Claim 41 in his successive postconviction petition. (Second Postconviction Petition, State Court Record, ECF No. 160-2 at PageID # 6200-01). The Hamilton County Court of Common Pleas dismissed Petitioner's entire successive postconviction petition for lack of jurisdiction pursuant to Ohio Revised Code § 2953.53. (ECF No. 160-4 at PageID# 4072). The Ohio First District Court of Appeals affirmed. *State v. Sanders*, 2002-Ohio-5093 (copy at State Court Record, ECF No. 160-5 at PageID# 7210-7213). The

---

[1] While it is not immediately clear, it seems that Petitioner recognizes the paradox associated with simultaneously arguing that his claims related back to the original petition because they share a common core of operative facts, and a stay is also warranted because the claims are entirely new.

2

Supreme Court of Ohio subsequently declined jurisdiction. *State v. Sanders*, 2003-Ohio-259, 98 Ohio St. 3d 1423 (2003)(copy at State Court record, ECF No. 161-1 at PageID# 7306-7307).

When Petitioner filed his federal habeas Petition, he asserted in Claim Ten, "[t]he trial prosecutors suppressed exculpatory evidence by failing to disclose to trial counsel the change in testimony by numerous inmate witness in violation of the Fourteenth Amendment," and in Claim Eleven, "[d]efense counsel were not provided relevant records needed to effectively cross examine State's witnesses in violation of the Sixth and Fourteenth Amendments." (ECF No. 16 at PageID# 2090-2091). He asserted in Claim Seventeen that the prosecution presented Kenneth Law's false testimony at trial. ECF No. 16 at PageID# 2103-2104.

On August 14, 2006, the undersigned filed a Report and Recommendation, recommending the dismissal of the entire federal Petition, including claims Ten, Eleven, and Seventeen. (the "Report,"ECF No. 81 at PageID# 1096-1097, 1098-1099, 1112-1113). The Report determined that Claim Ten was procedurally defaulted (*id.* at 1097-1098) and acknowledged that Petitioner declined a review on the merits of Claims Eleven and Seventeen (in pertinent part). *Id.* at 1098-1099; 1112-1113. The Court adopted the Report on April 28, 2021. (ECF No. 246). However, on August 10, 2021, the Court granted Petitioner's Motion for Reconsideration (ECF No. 248), and vacated its April 28, 2021, Order based on Petitioner's argument that he believed he would be provided with additional opportunity for briefing. (ECF No. 266).

Petitioner now contends that Fed. R. Civ. P. 15 permits his proposed amendment because his new allegations relate back to Claims Ten, Eleven, and Seventeen. (ECF No. 309-1 at PageID# 18409-18420). Petitioner asserts that his new allegations add factual details to the common core of operative facts in his original Petition and these details were not available to him until years after the original Petition was filed. *Id.* at PageID #18411. Specifically, Petitioner contends that

3

he received documents from various sources that were suppressed by the prosecution and those documents show: (1) the State knew that Kenneth Law testified falsely at his trial, and (2) state trial witnesses received undisclosed benefits and extensive coaching. *Id.* The documents Petitioner contends were suppressed and form the basis of his proposed amendment are found in the Appendix to his Motion to Amend. (ECF No. 309-3). In compliance with the Court's Order (ECF No. 314), Petitioner provided the Court with an explanation of how each document in the Appendix relates to each Claim in the original habeas petition. (ECF No. 315). Petitioner also explained the source of the documents and the approximate dates they were received. *Id.*

Petitioner argues that he should be permitted to amend his Petition because changes in Ohio law created "newly available remedies." (ECF 309-1 at PageID# 18420). Particularly, Petitioner argues that decisions by the Supreme Court of Ohio, *State v. Bethel*, 167 Ohio St. 3d 362 (2022), *reconsideration denied,* 166 Ohio St. 3d 1510 (2022), and *cert. denied,* 143 S. Ct. 789, 215 L. Ed. 2d 55 (2023), and *State v. McNeal*, 169 Ohio St. 3d 47 (2022), provide him with an opportunity to return to state court and file a motion for a new trial and another postconviction petition. (ECF No. 309-1 at PageID# 18422-18423). Petitioner contends that the Court should not deny his request to amend based solely on timeliness grounds. *Id.* at PageID #18422. He also contends that Respondent is not prejudiced by the proposed amendment because the State suppressed the evidence that forms the basis of the amendment (*id.* at PageID# 18421), has been in possession at all times of the relevant evidence (*id.* at PageID# 18423), and any delay in the proceedings is outweighed by the interests of judicial economy and federalism. *Id.* Petitioner also contends that his capital case demands a heightened concern for fairness. *Id.* at PageID# 18425.

Respondent argues that the amendment should be denied because Petitioner has not sought to vacate the Court's dismissal of Claims Ten, Eleven, and Seventeen. (ECF No. 323 at PageID#

18945-18946). Respondent also contends that the proposed amendment is futile because the original claims were procedurally defaulted. *Id*. Citing this Court's recent decisions denying similar motions to stay, Respondent argues that *Bethel* does not provide adequate grounds to justify the proposed amendment. *Id.* at PageID# 18947-18948. Respondent also contends that Petitioner's advancement of this proposed amendment in the face of these adverse decisions is evidence of undue delay and dilatory motive. *Id.* at PageID #18948-18952. Finally, Respondent contends that the proposed amendment does not "relate back" to the original petition because the original claims were too vague. *Id.* at PageID #18952-18954.

In his Reply, Petitioner points out that the Court vacated its April 28, 2021, Order dismissing Claims Ten, Eleven, and Seventeen. (ECF No. 328 at PageID# 19025-19026). The Reply reiterates arguments that *Bethel* has changed the procedural landscape to an extent that the proposed amendment should be permitted. *Id.* at PageID# 19028-19031. Petitioner contests Respondent's argument that his proposed amendment is a delay tactic, pointing out that the state suppressed the evidence that forms the basis of the amendment and *Bethel* provided a new pathway to return to state court. *Id.* at PageID# 19032-19033. Petitioner also disputes Respondent's argument that his amendment does not "relate back," arguing the proposed claims are sufficiently similar to the original petition. *Id.* at PageID# 19036-19037.

28 U.S.C. § 2242 provides that a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or

5

> dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997), citing *Foman*.

In considering whether to grant motions to amend under Fed. R. Civ. P. 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745–746 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Commc'ns Sys., Inc. v. City of Danville, Ky.*, 880 F.2d 887, 895 (6th Cir. 1989); *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urb. Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980); *U.S. ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 886 (S.D. Ohio 2013), *aff'd on other grounds,* 788 F.3d 605 (6th Cir. 2015).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman*, 371 U.S. 178; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*, 39 F.3d 125.

Having considered the factors for an amendment under Fed. R. Civ. P. 15, the Court concludes that Petitioner should be permitted to amend his Petition, but not in the format he has submitted (ECF No. 309-2). Because the April 28, 2021, Order dismissing Claims Ten, Eleven, and Seventeen was vacated, these claims remain pending before the Court and their viability has not yet been officially determined. The Court cannot say, based on a prior ruling on the original petition that has now been vacated, that the proposed amendment is futile. At the appropriate time, the parties will be provided with an opportunity to fully brief the merits of Petitioner's amendment, whether the proposed claims are procedurally defaulted, and whether the Court may consider the documents included in ECF No. 309-3.

The Court finds that the substance of the proposed amendment relates back to the original petition because it is not different in kind from the original allegations, only in specificity. The original petition alleges that the prosecution suppressed documents that the defense needed to adequately cross-examine the state's prisoner-witnesses and alleges that the prosecutors knew that Kenneth Law testified falsely. The proposed amendment and attached documents appear to provide evidentiary support for these allegations.

Respondent does not have a valid argument for undue prejudice based on the timing of the amendment because the documents that form the basis of the proposed amendment were in Respondent's possession and not turned over to Petitioner until discovery was conducted in a related capital habeas case. Petitioner's failure to seek an amendment before now is mitigated by the fact that there is no evidence of bad faith and because other factors have led to the protracted nature of this litigation.[2]

---

[2] Factors that have led to the protracted nature of this case are include, but are not limited to, seminal decisions in *Cullen v. Pinholster*, 563 U.S. 170 (2011), *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), and *Shinn v. Ramirez*, 596 U.S. 366 (2022).

The Court finds that Petitioner may amend his habeas Petition.[3] However, the Court rejects the form of the proposed amendment (ECF No. 309-2). An amended complaint supersedes all prior complaints. *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008). The Court has found that the substance of the proposed amendment relates back to original Claims Ten, Eleven, and Seventeen, yet the proposed amended petition merges all allegations into a single, unnumbered claim (ECF No. 309-2). Further, the proposed amendment does not include any of Petitioner's original claims. Within thirty days, Petitioner shall file a Motion for Leave with a complete new proposed amended petition. Petitioner is to include in this proposed amended petition **all** claims he intends the Court to consider moving forward.

**Motion to Stay [ECF No. 210]**

Next, Petitioner argues that this matter should be stayed, and he should be permitted to return to state court because the Ohio Supreme Court's *Bethel* decision has created "newly available remedies" for his *Brady* and *Napue* claims. ECF No. 310-1 at PageID# 18604. Respondent argues that the state courts could potentially consider Petitioner's amended claims, but additional state court exhaustion is not required, and a stay is not justified. ECF No. 323 at PageID# 18948.

Four decisions have been issued in this District rejecting the same argument for a stay made by *Were v. Bobby*, No. 1:10-CV-698, 2023 WL 2522837 (S.D. Ohio Mar. 15, 2023) (Watson, D.J); *Conway v. Warden, Chillicothe Corr. Inst.*, No. 2:07CV947, 2023 WL 2527252 (S.D. Ohio Mar. 15, 2023) (Marbley, C.J.); *Kinley v. Bradshaw*, No. 3:03-CV-127, 2023 WL 6057368 (S.D. Ohio

---

3   Absent extraordinary circumstances, any additional amendment will not be considered.

Sept. 18, 2023), *certificate of appealability granted,* No. 3:03-CV-127, 2024 WL 62907 (S.D. Ohio Jan. 5, 2024) (Watson, D.J), and *Conway v. Houk*, No. 3:07-CV-345, 2023 WL 6248503 (S.D. Ohio Sept. 26, 2023), *supplemented sub nom. Conway v. Shoop*, No. 3:07-CV-345, 2023 WL 8711579 (S.D. Ohio Dec. 18, 2023) (Watson, M.J.). Chief Judge Marbley's Order denying the motion to stay in *Conway*, 2023 WL 2527252 best summarizes the Court's collective conclusion in these matters:

> The Court rejects Petitioner's argument that *Bethel* expands the scope of remedies available to him and therefore justifies a stay of these proceedings so that he may return to state court in order to litigate…his *Brady* claim…. *Bethel* considered when a trial court has subject matter jurisdiction to entertain a successive postconviction petition in the limited context where the state is alleged to have withheld material evidence from the accused. With respect to untimely Criminal Rule 33 motions for leave to file a motion for a new trial, *Bethel* made clear that a "reasonable time" filing requirement is not contained within that Rule. Perhaps this may present a "more viable" course of action than was previously thought available, but the hypothetical feasibility of filing such a motion does not mandate a stay of federal habeas proceedings when the essential factual and legal basis of Petitioner's claims have already been presented to the state courts. For purposes of exhaustion, it is not necessary for Petitioner to present the same claim for relief in postconviction and a motion for leave to file a motion for a new trial, because "[w]here several alternative State remedies are available to a defendant, exhaustion of one of those alternatives on a particular issue is all that is necessary. Section 2254 does not require repetitious applications to State courts for relief." *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) (citing *Brown v. Allen*, 344 U.S. 443, 73 (1953)). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (finding that "[a]lthough [the language of § 2254] could be read to effectively foreclose habeas review by requiring a state prisoner to invoke *any possible* avenue of state court review, we have never interpreted the exhaustion requirement in such a restrictive fashion" and "we have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions"); *Francisco v. Gathright*, 419 U.S. 59, 62-63, 95 S.Ct. 257, 42 L.Ed.2d 226 (1974) (holding that when a petitioner has previously exhausted his state remedies, the petitioner is not required to re-exhaust state remedies due to a change in state law); *Roberts v. LaVallee*, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) (finding "Congress had not intended to require repetitious applications to state courts"). In sum, *Bethel* does not render Petitioner's previously exhausted claims unexhausted.

*Conway*, *22-23, (S.D. Ohio Mar. 15, 2023) (Marbley, C.J.).

9

The record reflects that Petitioner presented a *Napue* claim regarding Kenneth Law's perjured testimony on direct appeal as part of his Fifth Proposition of Law, which was rejected by the Supreme Court of Ohio as unsubstantiated. Indeed, in its Return of the Writ, Respondent conceded that Petitioner's *Napue* claim is exhausted. ECF No. 81 at PageID# 1112. Petitioner presented a *Brady* claim in his successive postconviction petition, which was found procedurally barred by Ohio Revised Code § 2953.53 by the state appellate court. As explained by this Court's previous decisions on this issue, *Bethel* does not warrant a stay and abeyance for claims that have already been presented to the state courts.

Despite four previous decisions in this District denying a stay and abeyance for the same grounds argued here, Petitioner urges the Court to grant his motion, in reliance on *Pickens v. Shoop*, No. 1:19-CV-558, 2022 WL 2802411 (S.D. Ohio July 18, 2022) (Sargus D.J.). In *Pickens*, District Judge Sargus agreed that *Bethel* lessened the burden of proof for establishing successive postconviction jurisdictional requirements and for seeking a new trial based on newly discovered evidence and granted Pickens' motion for a stay and abeyance. But critically, unlike here, the *Brady* claim that Pickens sought to present in a successive postconviction action had never been presented to the state courts. *Id.* at *2. Petitioner also incorrectly attributes to this District a decision from the *Northern* District of Ohio, *Spaulding v. Shoop*, 2022 WL 3566792 (N.D. Ohio Aug. 17, 2022)(Pearson, D.J.). As in *Pickens*, the stay in *Spaulding* was granted because the *Brady* claims at issue had never been presented to the Ohio state courts.

The fact that Petitioner did not present the state courts with the documents that form the basis of the proposed amendment to his Petition does not change the conclusion that a stay is unwarranted. *See Carter v. Mitchell*, 829 F.3d 455, 466–67 (6th Cir. 2016) (holding that *Rhines v. Weber*, 544 U.S. 269 (2005), does not permit stay and abeyance for a petitioner to "exhaust

evidence" to buttress claims already exhausted). *See also Richey v. Bradshaw*, 498 F.3d 344, 353 (6th Cir. 2007) ("Where the legal basis for [the petitioner's] claim has remained constant, and where the facts developed in the district court merely substantiate it, we cannot say that the claim has been so 'fundamentally alter[ed]' from that presented to the state court as to preclude our review.").

Despite the Court's denial without prejudice of Petitioner's Motion to Amend, the Court, nevertheless finds Petitioner's Motion to Stay lacks merit, and it is also denied.[4] Nothing in this decision or the continued unstayed pendency of this case prevents Petitioner from pursuing any available remedy in state court, but these proceedings will not be held in abeyance in the meantime.

## CONCLUSION

Accordingly, for the foregoing reasons:

1. Petitioner's Motion to Amend (ECF No. 309) is **DENIED WITHOUT PREJUDICE**. **Within thirty (30) days,** Petitioner is to file a motion for leave with a new proposed amended petition. Petitioner is to include in this proposed amended petition **all** claims he intends the Court to consider moving forward.

2. Petitioner's Motion to Stay (ECF No. 310) is **DENIED.** Petitioner's request that his habeas counsel be authorized to represent him in state court is **DENIED** as moot.

3. The Honorable Michael H. Watson recently certified for appeal to the Sixth Circuit Court of Appeals the denial of a motion for a stay and abeyance based on *State v. Bethel* in *Kinley v. Bradshaw*, No. 3:07-cv-345. After the Court rules on Petitioner's refiled Motion to Amend, the Court will refrain from setting a scheduling order in this matter, ruling on any additional substantive matters, or setting any hearings until the Sixth Circuit issues an opinion in *Kinley*.

March 14, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[4] In the event Petitioner files an acceptable amended petition, the Court's decision on the Motion to Stay will remain intact.