IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

SIDDIQUE ABDULLAH                     :
HASAN, f/k/a Carlos
Sanders,

     Petitioner,                          Case No. 1:03-cv-288
                           :

     v.                                   Judge Walter H. Rice

TODD ISHEE, Warden,                   :   Mag. Judge Karen L. Litkovitz
Chillicothe Correctional
Institution,

     Respondent.

---

ORDER OVERRULING OBJECTIONS OF RESPONDENT TODD ISHEE,
WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION (DOC. #386)
TO ORDERS OF MAGISTRATE JUDGE (DOCS. #382, 383);
EVIDENTIARY HEARING SHALL PROCEED ACCORDING TO
CALENDAR SET FORTH BY MAGISTRATE JUDGE

---

This matter is before the Court on the June 15, 2026, Orders of Magistrate

Judge Karen L. Litkovitz, wherein she sustained the Motion for Evidentiary

Hearing of Petitioner Siddique Abdullah Hasan, f/ka/ Carlos Sanders (Hearing

Order, Doc. #382, citing Motion, Doc. #379), and set forth a Scheduling Order for

such a hearing. (Doc. #383). Respondent Todd Ishee, Warden for the Chillicothe

Correctional Institution, filed Objections to the Hearing Order and Scheduling

Order (Doc. #386) on June 21, 2026, and the case was reassigned to the

undersigned on June 25, 2026. (Reassignment Order, Doc. #389).

The Hearing and Scheduling Orders are nondispositive matters, and Respondent's Objections thereto are timely.  Accordingly, the Court "must consider [those] objections and modify or set aside any part of the order that is clearly [factually] erroneous or is contrary to law." FED.R.CIV.P. 72(a).  In other words, the undersigned's review is far more deferential than the *de novo* review it would undertake of a report and recommendations on a dispositive matter. FED.R.CIV.P. 72(b).

The Warden argues that the Magistrate Judge lacked jurisdiction to set an evidentiary hearing (Doc. #386, PAGEID 21087-88), as Petitioner had failed to show that, as to Claims Nine and Thirty-One in his Amended Petition for Writ of *Habeas Corpus*, there was not "a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claims[s] would be sufficient to establish" factual innocence "by clear and convincing evidence[.]"  28 U.S.C. § 2254(e)(2)(A)(ii)-(B).  The Warden further claims that Petitioner had forfeited his ability to move for an evidentiary hearing, as Petitioner, in his Motion, "fail[ed] to even attempt to show diligence and innocence under section 2254."  (Doc. #386, PAGEID 21089-90, citing *Rogers v. Mays*, 69 F.4th 381, 396-97 (6th Cir. 2023)).  In the absence of any jurisdiction or good cause, Respondent argues, the Hearing and Scheduling Orders should be vacated.  (*Id.* at PAGEID 21091).

However, as Petitioner points out, "the orders merely establish a schedule for an evidentiary hearing that was granted by this Court over two years ago, in a

2

decision that the Warden never sought to appeal.  The Warden's Objections fail to even mention that prior decision[.]"  (Resp., Doc. #390, PAGEID 21096).  Indeed, in 2021, District Judge Susan J. Dlott and Magistrate Judge Michael R. Merz, assigned to the case at the time, previously determined that Petitioner's previous procedural default of Claims Nine and Thirty-One was excused.  (*Id.* at PAGEID 21097, citing Orders, Docs. #238, 243, 266).  On May 23, 2022, the Supreme Court issued *Shinn v. Martinez Ramirez*, 596 U.S. 366 (2022), which held that a counsel's inadequate development of the state-court record was imputed to a petitioner; consequently, ineffective assistance could not excuse a petitioner's failure to satisfy the cause and innocence requirements of 28 U.S.C. § 2254(e)(2).  *Martinez Ramirez*, 596 U.S. at 384.

Judge Merz ordered additional briefing regarding whether, in light of *Martinez Ramirez*, an evidentiary hearing could proceed.  (Order, Doc. #294, PAGEID 16530).  On October 6, 2023, the Judge ruled that the previously-ordered evidentiary hearing should go forward.  (Decision and Order, Doc. #306).  Specifically, Judge Merz held that neither *Martinez Ramirez* "nor Section 2254(e)(2) prohibit[s] factual development for purposes other than adjudication of the merits of substantive claims for relief[.]"  (*Id.* at PAGEID 18348-49, citing *Williams v. Taylor*, 529 U.S. 420, 440-443 (2000); *Sapp v. Jenkins*, No. 2:17-cv-1069, 2023 WL 1793533, *4 (S.D. Ohio Feb. 7, 2023) (Jolson, Mag. J), *appeal denied at* 2023 WL 3475412 (S.D. Ohio May 16, 2023) (Morrison, J.)).  Moreover, Judge Merz concluded that Petitioner's postconviction counsel had abandoned

3

Petitioner and *severed* the attorney-client relationship; accordingly, counsel's inadequate development of the state court record could not be imputed to Petitioner. (*Id.* at PAGEID 18364-66). Further, Petitioner had been diligent in attempting to get his counsel to withdraw and to develop his claims, but his attorney's intransigence and the state courts' refusal to appoint him new counsel meant that the state had, essentially, frustrated his ability to pursue postconviction relief. Consequently, Judge Merz concluded, Petitioner was not at fault for failure to develop the record, and the evidentiary hearing should proceed. (*Id.* at PAGEID 18367, 18371, 18374).

Respondent filed an Appeal of the Magistrate Judge's Decision (Doc. #318), which Judge Dlott overruled. (Opinion and Order, Doc. #330). Therein, Judge Dlott affirmed Judge Merz's conclusions that non-performance by Petitioner's attorney had severed the attorney-client relationship, and, thus, the imputation principle set forth in *Martinez Ramirez* did not prevent Petitioner from obtaining an evidentiary hearing. (*Id.* at PAGEID 19053-56). Judge Dlott also concluded that the State of Ohio was at fault for Petitioner's inability to develop the record, specifically through the decision by Hamilton County, Ohio, Prosecutor Mark Piepmeier: "While representing the state in Hasan's appeal and post-conviction proceedings, Piepmeier interjected himself into Stidham's attorney disciplinary proceedings and concealed that fact from the Ohio Supreme Court. His actions compromised the integrity of the process and interfered with Hasan's ability to fully present his claims at the state court." (*Id.* at PAGEID 19058). In sum, Judge

4

Dlott concluded, *Martinez Ramirez* did not alter the Court's earlier conclusion that Petitioner is entitled to an evidentiary hearing on Claims Nine and Thirty-One, and ordered that said hearing proceed. (*Id.* at PAGEID 19060-61).

Respondent did not appeal Judge Dlott's decision; nor did he move for reconsideration or at any point further challenge the decision to permit Petitioner an evidentiary hearing until Petitioner filed his Motion to Schedule Evidentiary Hearing. (Doc. #379; Memo. in Opp., Doc. #380). In sustaining Petitioner's Motion, Judge Litkovitz noted that Respondent was "merely repeating arguments that were rejected when the Court concluded that Hasan may request an evidentiary hearing in connection with Claims . . . Nine, and Thirty-One." (Doc. #382, PAGEID 21077). Similarly, the arguments raised by the Respondent in his Objections mostly rehash the arguments raised and rejected by Judge Dlott. (*Compare* Doc. #318, PAGEID 18760-69 (arguing that *Martinez Ramirez* is an absolute bar to an evidentiary hearing unless both prongs of 28 U.S.C. § 2254(e)(2) are satisfied), *with* Doc. #386, PAGEID 21087-89, quoting *Martinez Ramirez*, 596 U.S. at 384, 389) (asserting that the Court lacks jurisdiction to convene an evidentiary hearing absent a showing of diligence and innocence)). Respondent's Objections, in other words, are not so much directed at the Hearing and Scheduling Orders, but a third attempt to litigate his *Martinez Ramirez* argument that has already been rejected by both Judge Merz and Judge Dlott.

While Judge Dlott's Opinion was interlocutory, the opinion is undoubtedly law of the case, and the United States Court of Appeals for the Sixth Circuit

5

dictates that, to avoid "an internally inconsistent judgment[,]" a district court must "depart from [the law of the case] only for convincing reasons." *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) (internal quotation and citation omitted)). Respondent has fallen well short of advancing such a reason and, consequently, his Objections (Doc. #386) are OVERRULED. The Court's previous orders and opinions remain intact and undisturbed, and the parties shall proceed in preparation for the evidentiary hearing subject to the deadlines in the Scheduling Order. (Doc. #383).

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE, JUDGE
July 7, 2026               UNITED STATES DISTRICT COURT